## KELLER vs. HENRY.

A declaration in an action of forcible detainer, under the latter clause of the 3d section, chap. 72, Gould's Dig., alleging that the plaintiff "was entitled thereto and lawfully possessed of" certain lands, "which possession of right then belonged to the plaintiff, which right plaintiff in nowise alienated, transferred or conveyed away; but that the defendant afterwards lawfully and peaceably obtained possession of the land, and long after the termination of his right of

possession thereof, has held and detained, and now holds the same unlawfully, and by force after demand," will not be held bad on motion in arrest of judg-ment, though it might be so held on demurrer.

After verdict and judgment for the plaintiff, the judgment will not be arrested unless the record clearly shows a defective cause of action. Every intendment is to be made in favor of the declaration, and whatever is implied, or is infer-able from the state of the pleading will be presumed in favor of the pleading and judgment.

The latter clause of the third section of said act was intended to provide for a class of cases where the defendant does not enter by force and violence, and yet does not enter by any agreement with the owner of the land; as where he enters peaceably upon premises which are at the time vacant, without the con-sent of the owner if absent, or without his objection if present; and holds the same unlawfully and by force, after demand made therefor in writing.

In construing the several sections of the said act, so that they may be in harmony with each other, the court considers that the phrase "lawfully and peaceably obtain possession," was not intended to apply alone to cases where the defend-ant entered under a lease from the owner, or by his express consent; but also to cases where the entry is such as to negative the idea of a forcible intrusion in the first instance, though not by express consent.

Where the sheriff's return of a writ of forcible detainer shows a personal service on the defendant, in substantial compliance with the statute, his return is not invalid because he fails to return a bond as required in such cases, although such failure may subject him to liability as an officer.

In an action of this kind the jury cannot assess damages in favor of the plain-tiff. The only judgment which the plaintiff can have, is for costs. (*Gould's Dig.*, *ch.* 72, *sec.* 16.)

## *Appeal from Washington Circuit Court.*

Hon. ELIAS HARRELL, Circuit Judge.

J. D. WALKER, for the appellant.

The action of unlawful detainer is based on contract, either express or implied. The relation of landlord and tenant must exist. See *McGuire vs. Cook*, 13 *Ark.*. 460 ; *Miller vs. Turner*, *ib.* In his declaration, appellee expressly declares that the "right of possession belonged to him, and that he had never alienated transferred or conveyed away the same." How, then, could a

contract, express or implied, have existed? The declaration expressly negatives a contract.

Title cannot be drawn in question in this action, and if defendant was in possession without license from the plaintiff, and had not entered with force, ejectment was the remedy. *Miller vs. Turney,* 13 *Ark.,* 388.

Although courts will presume, after verdict, that the averments in a declaration are proven, they cannot presume that a cause of action is proven where none is stated, and it is error to render judgment. *Bedell vs. Stevens,* 8 *Foster,* (*N. H.,*) 118.

The return of the sheriff shows no such service as authorized the court to render judgment by default. The return does not show the taking of any bond whatever; and the sheriff is expressly prohibited from executing the writ unless bond is given; and he is required to make return of the facts. See *secs.* 11—12, *chap.* 72, *Dig.*

It is insisted for appellant that the judgment should have been arrested: 1st. On account of the failure of the declaration to show a contract expressed or implied—the declaration showing that the relation of landlord and tenant could not exist, "that plaintiff had never parted with his right of possession." 2d. That the service is not sufficient. 3d. That the court rendered judgment for the lands and tenements, and at a subsequent term rendered judgment for damages and costs.

GREGG, for appellee.

We submit that the sheriff's return shows a valid service. The defendant in the court below was duly dispossessed and the writ read to him, and he was required to appear at the proper time and place to answer the plaintiff in the premises. The return of the bond was not an act necessary to the jurisdiction over the party. If the sheriff committed a failure in that, it left upon him the responsibility.

We submit also that the judgment rendered at the return term of the writ was strictly in accordance with law. It announced

38

the defendant's default, the plaintiff's right to recover the property and damages, and that a jury came at the next term to assess damages. *State use, etc. vs. Crow et al.*, 6 *Eng.*, 648; *Gould's Dig.*, ch. 133, secs. 78, 82.

And we further submit that the declaration in this case does disclose a good cause of action. It avers that the plaintiff was " rightfully in the posession of the premises," and thereafter the defendant came " lawfully and peaceably " into possession, and that long after the determination of any right to the possession, and after demand in writing, defendant refused to quit possession and unlawfully detained, etc.

This action was based upon the latter clause of the 3d section of the act of forcible entry and detainer, and it was not necessary that the plaintiff should have averred that he contracted the premises to the defendant: The case of *Miller vs. Turney*, 13 *Ark.*, 38, and the other decisions of this court were upon the first, not the second clause of the act.

The plaintiff here averred his own right, his actual possession, and then, in the very words of the statute, that the defendant peaceably and lawfully came into posession; and the law implied a contract to pay for use and occupation and to redeliver.

There is a clear distinction between the cases for which the remedies in the first and second clauses of the section were intended, and that distinction must be borne in mind in order to a clear understanding of the pleadings in the case. There is also a clear distinction between possession, and the right of possession, and under the second clause the plaintiff may have always had the right of possession, and he must have had such right when he brought his suit.

Mr. Chief Justice WALKER delivered the opinion of the court.

This is an action of *forcible detainer*, brought under the latter clause of the 3d *section, of chap.* 72, *Gould's Digest, page* 542, which gives a right of action against any one who shall lawfully and peaceably obtain possession of the lands, tenements or pos-

sessions of another, and shall hold the same unlawfully and by force after demand. And the question presented by the motion in arrest of judgment is, whether the allegations in the declaration are sufficient to uphold the judgment by default rendered in favor of the plaintiff.

It is alleged in the declaration that on the 2d day of August, 1863, the plaintiff "was entitled thereto and lawfully possessed of certain lands, (describing them,) which possession of right then belonged to the plaintiff, which right plaintiff in no wise alienated, transferred or conveyed away. But that the defendant afterwards lawfully and peaceably obtained possession of the land, and long after the termination of his right of possession thereof has held and detained, and now holds the same unlawfully and by force after demand."

It is to be observed that there is no contract of lease or rent averred, indeed no contract whatever under which the defendant entered, but on the contrary the allegation that the plaintiff had never parted with his right of possession, negatives any conclusion that such was the case, and thus the point in controversy is raised: which is, that inasmuch as the defendant did not enter upon the premises under a contract or agreement with the plaintiff, (who is alleged to have been in possession and never to have conveyed or transferred the same,) the defendant must necessarily have entered unlawfully, and that the plaintiff's right of action should be under the second section for forcible entry and detainer, and not under the third section for forcible detainer.

The proper construction to be given to this statute has, upon several occasions, been considered by this court; but in no instance heretofore has a case been presented where the plaintiff's right to recover has been based upon the latter clause of the 3d section. In the case of *McGuire vs. Cook*, 13 *Ark.*, *page* 448, which was an action for forcible detainer, this court most carefully considered the right to recover under the first clause of the 3d section, and held that the action for an unlawful detainer under that clause is founded upon a breach of contract, but expressly re-

served for future consideration, the proper construction to be given to the latter clause of that section, under which the present action is brought.

The 3d section provides that "when any person shall wilfully and forcibly hold over any lands, tenements or other possessions after the determination of the time for which they were demised or let to him or the person under whom he claims; or shall lawfully and peaceably obtain possession, but shall hold the same unlawfully and by force, and after demand made in writing for possession thereof by the person having a right to such possession, his agent or attorney shall refuse or neglect to quit such possession, such person shall be deemed guilty of an unlawful detainer."

We may safely say, as was said in *McGuire vs. Cook*, that the first clause in the section gives the right of action to those who temporarily part with their right of possession under contract, such as exists between landlord and tenant; whilst the latter clause provides, that if by any other means possession shall lawfully and peacefully be obtained, but held over unlawfully and by force after demand, such person shall be deemed guilty of an unlawful detainer. It will be perceived that much must depend upon the construction to be given to the words, "lawfully and peaceably," taken in connection with the whole section.

If we give to the word "lawfully" its fullest signification, we must thereby exclude the idea of any possession not taken by the consent of the party lawfully entitled to the possession; because, it is unlawful and wrongful for an entry to be made upon such possession without the consent of the owner, either express or implied: and if thus construed, the latter clause of the section would be rendered useless and superfluous, which should not be done, if by any fair mode of construction it can be avoided. By qualifying the meaning of the word, "lawfully," so as to give it the same effect as the word "peaceably" in immediate connection with it, effect can be given to the latter clause, so as to give the right of action for a forcible detainer against all persons who

enter peaceably upon the possessions of another, and unlawfully and by force hold the same after demand.

By thus construing the latter. clause of the section, a remedy will be given for all cases in which the entry was peaceable; and when taken in connection with the first clause of the section, affords a remedy in all cases of unlawful detainer where the entry was peaceable, whether under contract to enter or otherwise: whilst the second section gives a right of action in all cases where the entry is forcible; and thus considered, the two sections give redress to all persons aggrieved, whether the entry be forcible or peaceable, to be sought under the one or the other section, according to the facts of the case. We will not attempt to enumerate the cases that might arise under the latter clause of this section, but can well conceive how an entry might be peaceably made, otherwise than under a contract with the owner of the land, or him who was entitled to the immediate possession; as, for instance, if the owner of a tenement should stand by and see one enter upon his possession, and should make no objection to his doing so. By such conduct there might arise such an implied assent to such entry as not only to make it peaceable but lawful: or, in case a tenement should be abandoned by the owner, or one in possession under him, and a third person finding the tenement vacant should enter into it, although in strictness, it could not be said to be lawful for him to do so, still in a more liberal sense, as the entry was unattended with actual force, it might be held to be peaceable. And in support of this construction, we may refer to the case of *Green vs. Wroe and wife*, 1 *Sneed's Rep.*, 246, where an entry was made in a vacant house, the doors being open. Such entry was held to be neither forcible in fact, nor in law And in a later case, *Hopkins vs. Caloway et al.*, 3 *Sneed's Rep.*, 11, the action being for forcible entry and detainer, in which, as appeared from the evidence, the defendant moved his family upon, and took possession of an abandoned farm, the fences being down and the doors open, the entry was held to be quiet and peaceable.

In view of the actual state of case presented for the consideration of the court in the case of *Fowler vs. Knight*, 10 *Ark. Rep.*, 43, it is fully reconcilable with these decisions, and it will be seen that the decision of the court upon this point (as remarked by the chief justice who delivered the opinion in *McGuire vs. Cook*) was correct under the state of case presented. In that case the tenant had locked the door and delivered the key to his landlord, who, under such circumstances, is not to be presumed to have abandoned his possession; and in the absence of proof to the contrary, the presumption was strong, that the defendant broke open the doors and entered by force. Thus considered, the case of *Fowler vs. Knight* will not be understood as giving the right of action under the second section of the act in cases where the entry has been made peaceably and without force. But that in all cases where the entry, whether under contract or otherwise, has been peaceable, that is, without force, the party aggrieved should seek his redress under the third section of the act, by an action for forcible detainer. This construction of the statute is in harmony with our decisions in the case of *McGuire vs. Cook*, and the latter decisions of *Brady vs. Hume*, 18 *Ark.*, 284, and *Frank vs. Hedrick, id.* 304.

Turning to the case now under consideration, we find nothing in the declaration from which an inference may be drawn that the defendant entered under a contract, or upon what terms he did enter. It is however alleged that the defendant held over long after the termination of his right of possession which would seem to imply that possession was given for a limited time; but there is no averment that this limitation was by contract; indeed it is expressly averred that the plaintiff had in no manner parted with his right of possession.

In view of the whole declaration, we confess that we are not free from doubt, as to whether the declaration, which contains no allegations disclosing the terms upon which the defendant entered, should be sustained or not. But as this is not a question arising upon demurrer to the declaration, but a motion in arrest of judg-

ment, in determining which the rule is that after verdict and judgment for the plaintiff, the judgment will not be arrested unless the record shows a clearly defective cause of action, and that every intendment is to be made in favor of the declaration, whatever is implied, or is inferable from the state of pleading will be presumed in favor of the pleading and the judgment rendered upon it. The objection to the declaration being for the bad statement of a good cause of action, under the rule above stated, will be held sufficient.

The objections to the sufficiency of the sheriff's return, we think not well taken. There was, as shown by the sheriff's return, personal service upon the defendant, in substantial compliance with the statute; his failure to return a bond, as required in such cases, might have subjected him to liability as an officer, but did not relieve the defendant from his obligation to appear and defend or suffer the consequences incident to his default.

The judgment is, however, fatally defective, and should have been arrested upon the ground that the assessment of damages by the jury, and the judgment rendered thereon are wholly unwarranted by law. The only judgment to which the plaintiff in this action is entitled (as will be seen by reference to the 16th *sec. of ch.* 72, *Gould's Dig., p.* 544,) when the finding is in his favor, is for costs. No judgment for the property was permissible, because the title to the property was not in issue; nor for the possession of the property, because that had already been given him by the writ; nor for damages, because this is not an action for the recovery of damages: no issue of that kind could be presented in this action. Under the 17th section, the defendant could have his writ of inquiry and damages assessed, in case the verdict is for him, for the damages sustained for having been dispossessed of his property; but no such right is given to the plaintiff.

The interlocutory judgment, the judgment of continuance, the writ of inquiry, the verdict and the judgment thereon were all without warrant of law, and for this the judgment must be arrested and set aside, and the cause remanded, that judgment

may be rendered upon the default of the defendant as provided by the 16th *section of chap. 72 of the Digest, page* 544.