## WINN *v.* STATE.

Decided January 23, 1892.

1. *Indictment—Forcible detainer—Matter of inducement.*

An indictment, under Mansf. Dig., section 1808, for forcibly keeping possession of real estate is not insufficient because it lays the right of possession of the prosecuting witness under a " whereas."

2. *Lease—Condition—Re-entry.*

Where a tenant stipulates to make certain improvements within a designated time, and in case of failure to do so agrees to forfeit his lease, the stipulation is a condition upon breach of which the landlord is entitled to re-enter.

3. *Landlord—Re-entry—Right to defend possession forcibly.*

Where a landlord, entitled to re-enter for condition broken, took possession peaceably in the absence of his tenants from the premises, he has the right to protect his possession by force, if necessary, as well against his former tenants as any one else proposing to take possession without right.

APPEAL from *Pope* Circuit Court.

J. G. WALLACE, Judge.

Winn was convicted under an indictment which charged as follows: " For that whereas one D. F. Moore then and there having a valid and existing written lease, and being entitled to the possession, of the following real estate (describing it); the said C. M. Winn, being armed with a deadly weapon, unlawfully and wilfully, by putting in fear of immediate danger to the person of him the said D. F. Moore, did keep possession of the above real estate."

The facts are sufficiently stated in the opinion.

*Wilson & Granger* for appellant.

1. The demurrer to the indictment should have been sustained. This is a statutory offense, and it is essential that the violence or putting in fear should be directed to one *entitled to the possession.* Mansf. Dig., secs. 1808, 2015; 1 Bish., Cr. Proc., sec. 554-5; 38 Ark., 519. The indictment fails to follow the statute. 1 Bish., Cr. Pr., secs. 488–581–2.

2. The instrument in evidence, while treated as a lease, more nearly resembled a conveyance for years, for a gross

consideration to be paid, upon a *condition* subsequent of forfeiture for non-payment. The appellant, in case of failure, had the right to claim a forfeiture and re-enter peaceably, which he did. He was then legally in possession, and had a right to defend it. Tiedeman on Real. Prop., 271–2, 276–7; Taylor, Land. and Ten. (8 ed.), secs. 288, 492; 1 Washb. R. P. (5th ed.), p. 605–9; *2 id.*, pp. 14, 18, 19–20.

The court erred in excluding the evidence showing that appellant was rightfully and peaceably in possession.

*W. E. Atkinson,* Attorney General, and *Charles T. Coleman* for appellee.

1. It is objected that the allegations as to the lease and possession are stated under a *quod cum,* whereas they should have been charged directly. The gist of the offense is *forcible* detainer, the tendency of which is to disturb the public peace; and the recital of the lease and that the pros- ecutors were entitled to the possession was mere matter of inducement, and not a necessary ingredient, and could be laid under a *quod cum.* 1 Bish., Cr. Pro., sec. 555.

2. The stipulations in the lease were *covenants* and not conditions, and appellant was not entitled to re-enter for breach, but must sue to recover damages. Bac. Ab. " Conditions ;" 2 Black. Com., 151 *n;* 4 Kent, Com., 128; 3 Co., 65 *a;* 21 Wall., 63; 8 N. H., 177; 2 Coke, Lit., sec. 328 *et seq.;* 1 Dev. & Bat., 324; 10 N. J. Eq., 508; 3 B. & Ad., 299; 1 Wash., R. P., 511; 41 Ark., 532.

HUGHES. J. This is an appeal from a judgment of the Pope circuit court, convicting appellant of a violation of section 1808 of Mansfield's Digest, which is as follows :

" Every person who shall take or keep possession of any real estate by actual force or violence, without the authority of law, or who, being armed with a deadly or dangerous weapon, shall by violence to any person entitled to the possession, or by putting in fear of immediate danger to his person, obtain or keep possession of any such real estate or property without legal authority, shall, on conviction, be ad-

judged guilty of a misdemeanor and be fined not less than
fifty dollars and be imprisoned not exceeding one year."

D. F. Moore and R. L. Davis held possession of the real
estate described in the indictment by virtue of a lease exe-
cuted by the appellant, C. M. Winn. The lease was read in
evidence, and was as follows:

" This indenture, made this 27th day of December, A. D.,
1887, by and between C. M. Winn, and D. F. Moore and R.
L. Davis, Witnesseth: That the said C. M. Winn hereby
leases unto said D. F. Moore and R. L. Davis, the following
described piece of land, to wit:

\*      \*      \*      \*      \*      \*      \*

" To hold for the term of six years from date ; said lease ex-
piring on the 27th day of December, A. D., 1893. ' And the
said D. F. Moore and R. L. Davis, for themselves, their ex-
ecutors and administrators, do hereby covenant to and with
the said C, M. Winn, his heirs and assigns, that they will dig
a ditch the entire length of said piece of ground, extending
along its north line, said ditch to be eighteen inches wide at
top, twelve inches wide at bottom and eighteen inches deep.
That they will have said land cleared and ditch dug by the
middle of the second year of the term of lease; that they
will build a lawful fence around said land, and keep the said
fence in good repair during the time of said lease ; and in
case they fail to comply with any of the foregoing stipula-
tions, they agree to forfeit said lease. Said C. M. Winn also
hereby leases unto the said D. F. Moore and R. L. Davis
the following described piece of land, to wit:    \*  \*  \*  \*
To hold for the term of four years from this date, said
lease expiring the 27th day of December, 1891. And the
said D. F. Moore and R. L. Davis, for themselves, their ex-
ecutors and administrators, do hereby covenant, to and with
the said C. M. Winn, his heirs and assigns, that they will en-
close said piece of land with a lawful fence, and have said
land in cultivation by the close of the first year of lease ;
and that they will keep said fence in good repair until the
close or expiration of said lease ; and if they fail to comply

with any of the above stipulations, they hereby agree to forfeit said lease.

" In testimony whereof, we have hereunto set our hands,. this 28th day of December, 1887.

" Witness :                                    " C. M. WINN,

      " L. RUSSELL.                           " D. F. MOORE.

                                              " R. L. DAVIS."

Moore and Davis entered upon the land under the above lease, and remained in possession during the years 1888 and 1889, and until they were dispossessed by appellant. On the 5th day of February, 1890, they were served with a notice from appellant, declaring the lease forfeited, and pro- hibiting their going on the land in the future. A month afterwards, appellant, in the absence of his lessees, re-entered upon the land; and when Moore and his brother, to whom Davis had assigned his interest under the lease, attempted to come upon the premises, he prevented their so doing by threatening to kill them with a gun, with which he had armed himself. The State offered testimony to show that the stipulations in the lease had been performed, and that therefore there was no forfeiture; appellant offered to prove that the stipulations had not been performed. The court refused to admit this testimony. The jury returned a spe- cial verdict, finding that the defendant held the land by force, as charged in the indictment. Motions in arrest and for a new trial were filed and overruled, exceptions saved and appeal taken.

There was a demurrer to the indictment which it is con- tended should have been sustained, because it is said that it does not charge directly and positively that Moore, the ten- ant, had a valid written lease, and was entitled to possession. The statement in the indictment is as follows: "For that, whereas, one D. F. Moore, then and there having a valid and existing written lease, and being entitled to the poses- sion," etc. This statement was not liable to be misunder- stood, and the indictment charges the offense with such a degree of certainty as to enable the court to pronounce

1. Sufficiency of indictment for forcible de- tainer.

judgment on conviction according to the right of the case. Sec. 2106 Mansf. Digest. "A statement of the acts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended," is sufficient. Mansf. Digest, sec. 2121.

**2. Right of re-entry upon condition broken.**    Were the stipulations in the lease that Moore was to make improvements as therein provided by a specified time conditions or covenants? The lease provides that if the lessees "failed to comply with any of its stipulations, they hereby agree to forfeit said lease." This we understand and construe to mean that if the lessees failed to comply with any of the stipulations of the lease within the time therein provided, then their rights thereunder should cease, and that they would surrender possession of the premises to the appellant on demand. See *Post* v. *Weil*, 115 N. Y., 366-69-70 and 71. We hold therefore that the stipulations were conditions and not covenants. Upon the breach of their conditions did a right of entry accrue to the appellant? If he was the owner of the property, he had a right to possession, upon breach of the conditions of the lease under which the lessees held. Under such a condition he was certainly entitled to a re-enter for condition broken, though not to use force to effect the re-entry.

**3. When landlord may forcibly defend possession.**    He used no force but took possession peaceably in the absence of the tenants from the premises, and if he had the lawful right to possession peaceably acquired, he had the right to protect his possession by force, if necessary, as well against his former tenants as any one else proposing to take possession without right. A clearer case of a landlord's right to use force can scarcely be stated than where a legal possession has been gained, and force is only employed to defend it. This is an undisputed right, according to a practically unanimous opinion wherever the question has arisen. 4 Am. Law Rev., 439. It is held in Vermont that "if one have the right to enter and take possession of premises in the occupancy of another, his entry will be legal and not

contrary to the statute concerning forcible entry and detainer, if made while the other party is temporarily absent from the premises, leaving no one there." *Mussey* v. *Scott,* 32 Vt., 82.

It follows that the testimony excluded by the court as to the performance or non-performance by the lessees of the appellant of the stipulations in the lease in reference to improvements was material and necessary to enable the jury to determine whether appellant's entry was a lawful entry. This question should have been determined by the jury upon evidence.

For the error committed in the exclusion of this testimony the cause is remanded for a new trial.