## H. M. Brewer *et al.* v. J. M. Asher.

(Filed Feb. 11, 1899.)

1. REFEREE—*Law Relating to Valid.* Section 304, Code Civil Procedure, which authorizes the appointment of a referee to hear and report upon the whole issue, or upon any specific question of fact involved in a case pending in the district court, where the trial of an issue of fact joined shall require an examination of mutual accounts, is not unconstitutional, not being in violation of the seventh amendment to the constitution of the United States.

2. SAME — *Qualification of — Prejudice — Discharge.* A referee has no authority to pass upon a motion which presents the question of his own bias or prejudice. The qualifications of a referee are matters exclusively for the consideration of the court that appoints him. If a party desires to present the question of the bias or prejudice of a referee, he must do so by a motion to the court to discharge the referee, or by other appropriate motion; and where the attention of the court is not in any manner called to the claim of a party that the referee is biased or prejudiced, until after the referee has made his report, and judgment has been rendered thereon, the question cannot be raised by motion for a new trial.

(Syllabus by the Court.)

*Error from the District Court of Grant County; before John L. McAtee, District Judge.*

*Samuel Weston, County Attorney,* for plaintiff in error.

*A. M. Mackey,* for defendant in error.

Action by J. M. Asher against H. M. Brewer and others, the board of county commissioners of Grant county, to recover a balance claimed for salary and expenses as county attorney. From a judgment for the plaintiff, the defendant brings error. Affirmed.

Opinion of the court by

TARSNEY, J.: The principal proposition involved in this case was considered and determined in *Commissioners v. McKinley*, this volume, p. 128, wherein it was held that section 304, Code Civil Procedure (sec. 4182, Statutes 1893,) which authorizes the district court, where an issue of fact is joined, the trial of which shall require the examination of mutual accounts, to refer the cause to a referee upon the application of either party, or of its own motion, and providing that the referee may be directed to hear and report upon the whole issue, or upon any specific question of fact involved therein, was not unconstitutional, or in conflict with the seventh amendment to the constitution of the United States, which provides that in suits at common law, where the value in controversy shall exceed $20, the right of trial by jury shall be preserved, as such issue was not necessarily an issue for a common-law action, but was also cognizable in courts of equity.

The proceedings herein were commenced by the defendant in error filing an account for a quarterly installment of salary and an item of expense, as county attorney, with the board of county commissioners, for allowance. The claim being disallowed by the board, he appealed to the district court. While there are no pleadings in the cause, we gather from the record that the defense sought to be interposed was that the plaintiff, for one year and three quarters of his term, had drawn salary at a much higher rate than was authorized by law, and that the county was not indebted to the plaintiff in any amount; but, on the contrary, that plaintiff was indebted to the county for the excess of salary so drawn. In our view the

determining of this issue necessarily involved an examination of mutual accounts, and might properly be referred. By an act of the legislature approved March 8, 1895, (Laws 1895, p. 144,) the county attorneys of the several counties were allowed salaries, to be fixed by the county commissioners, in counties of 10,000 inhabitants or less, not to exceed $600; in counties of from 10,000 to 14,000 inhabitants, not to exceed $1,000; in counties containing over 14,000, not to exceed $1,200. In addition to such salary, the county attorney might receive various items of fees, as provided by the act. A contention of plaintiff in error was that the defendant in error had drawn salary at the maximum rate that might be allowed in counties containing over 14,000 inhabitants, and that, in fact, the county of Grant did not contain 14,000. On the trial before the referee the defendant offered evidence to support its contention, which evidence was, by the referee, excluded; and plaintiff in error contends that the district court erred in refusing to sustain an objection and exception to the report of the referee, because of said referee excluding the evidence offered. We cannot consider this contention, for the reason that the plaintiff in error has not brought any of the evidence taken or offered before the referee into his case-made. We cannot review the findings of the referee or the conclusion of the court upon a question of fact, where the evidence is not preserved in the record.

Another contention of plaintiff in error is that the referee to whom the cause was referred was baised and prejudiced by reason of his connection with other actions pending, involving the same propositions of law and fact, and that the district court erred in not setting aside its ap-

pointment of sa'd referee when its attention was called to the fact that said referee was biased and prejudiced in the matter. If there was any evidence in this record to sustain the contention that the referee was biased and prejudiced (which there is not, as none of the evidence, if any was offered upon any of the matters or questions presented to the referee or court, is preserved in the case-made,) we could not consider the same, as the record shows that the objection to the referee on account of bias and prejudice was not presented to the court, but to the referee himself. On the hearing before the referee, plaintiff in error filed written objection to the referee, on the ground that said referee was an attorney in another action against said county, which involved matters of law and evidence pertinent to the trial of this cause, and that by reason of his said connection with said case he was biased and prejudiced in this case against said county. The referee had no jurisdiction to pass upon any such question. He had no authority to determine his own qualifications as referee. Those questions were exclusively for the court that appointed him. The only authority vested in the referee was to hear and report upon the issue or issues in the cause referred. If the plaintiff in error had desired to raise the question of the qualifications of the referee, it should have presented the same to the court by a motion to discharge the referee, or other appropriate motion. The question could not be properly presented, in the first instance, to the referee, or be reviewed by the court upon motion for new trial, as in this case it was sought to be presented. It was not an error of law occurring upon the trial, as it had never been presented to the court until after judgment, and therefore was not a ground for new

trial. We find no error in this record.· The judgment is affirmed.

McAtee, J., absent and not sitting; all of the other Justices concurring.