HUNT, ET AL, VS HICKS, ET AL.

Opinioned delivered January 6, 1900.

*1. Forcible Entry and Detainer—Complaint—Amendment—Waiver.*

In an action of forcible entry and detainer, it was not error to permit an amendment to the complaint, made nearly a year before the cause was tried, changing the date the forcible entry was committed; and, in any event, the error, if any, was waived by defendants proceeding to trial without objection, until made here.

*2. Evidence—Possession.*

It was not error to admit in evidence, in an action of forcible entry and detainer, a preliminary injunction against the defendants in a former suit between the same parties concerning the same property; for it went to show who was in possession at the time of the entry complained of.

*3. Indian Lands—Improvements—Quarter Mile Limit.*

Defendants, being only claimants to citizenship in the Cherokee Nation, were not entitled, by reason of their improvements, to the possession of all land embraced within the quarter mile limit surrounding their improvement.

*4. Peaceable Possession—Paramount to Superior Title.*

Where parties are in peaceable possession of lands, it is not permissible for another, even with superior title, to compel, by threats, intimidation or force, the dispossession of the occupants; his recourse is to suitable action at law to accomplish this dispossession.

*5. Measure of Damages.*

The measure of damages for the forcible entry and detention of cultivated and grass lands, is the value of the use and occupation of such lands for the period detained.

*6. Evidence—Burden of Proof.*

In an action of forcible entry and detainer, both the actual possession by plaintiff and the forcible entry, ouster and for-

cible detention, after such entry, must be established by plaintiff by a preponderance of the proof.

7. *Judgment—Sureties on Bond.*

Judgment against the sureties on the bond given at the time of filing the original complaint, is proper, though the complaint is afterward amended giving a different date of the forcible entry, for the amendment was properly allowed. As the amended date lessened the amount of damages and judgment, the bondsmen could not be heard to complain, in any event.

8. *Evidence—Judgment in Former Suit.*

A writ of possession granted in a suit between the same parties awarding possession of the originally improved tract, is inadmissible in a suit wherein the possession of this tract is not in controversy, the present conflict concerning the quarter mile limit surrounding it.

Appeal from the United States court for the Northern District.

WILLIAM M. SPRINGER, Judge.

Action by Andrew Hicks and others against Thomas J. Hunt and another. Judgment for plaintiffs. Defendants appeal. Affirmed.

This is an action for forcible entry brought by appellees against appellants in the court below to recover possesion of land in the Cherokee Nation. The facts seem to be that the appellants prior to 1892 located on the public domain of the Cherokee Nation, and fenced and improved about 40 acres of land. In the year 1892 appellants sold said premises to the appellee Hicks, who rented same to appellee Spickerman. Hicks failed to pay the purchase price for said premises, and afterwards, in January, 1894, appellants, by their suit, recovered judgment for the original 40 acres, and were placed in possession thereof. In the meantime Spickerman, as tenant of Hicks, had fenced and im-

proved of the public domain adjacent to said 40 acres some 400 or 500 acres. After the appellants had recovered the original 40 acres, they undertook to exercise control and possession of the land that had been improved by appellees; but upon application of appellees a temporary injunction was issued, on January 23, 1894, restraining the appellants from in any way interfering with the appellees' possession of the property outside of said original 40 acres. On July 13, 1895, the appellees filed their complaint in this action, alleging that appellants had forcibly entered said premises outside of the 40 acres on January 1, 1894. On February 11, 1896, defendant filed answer to the original complaint. On March 14, 1896, the appellees filed an amended complaint, alleging July 1, 1894, as the date of the forcible entry. On the same day appellants filed answer to the amended complaint. On February 17, 1897, the cause was tried to a jury, resulting in verdict and judgment for appellees.

*Will E. Linton* and *John H. Koogler*, for appellants

*Don Carlos & Stanfield,* for appellees.

CLAYTON, C. J. The first assignment is that the court erred in permitting plaintiffs to file amended complaint. The amendment consisted only in a change of the date on which it was alleged that the forcible entry was committed. This was in no sense a change of the cause of action, but was an amendment made nearly a year before the cause was tried. Besides, the objection was made for the first time by the motion for new trial. The defendants had answered, announced "Ready for trial," and the case had proceeded to verdict. Even if it were a case where an improper amendment had been allowed, it was waived by the filing of the answer and proceeding to trial without objection.

The second assignment is that the court erred in ad-

*[margin note: Amendment; Waiver.]*

mitting in evidence the preliminary injunction against the appellants in a former suit between the parties concerning the same property. It true that the preliminary injunction did not determine the title to the property, but in actions for forcible entry the title is not material. The injunction was properly admitted as going to show who was in possession of the property at the time of the alleged forcible entry.

Error is assigned to the following instructions given by the court: "Third. In this case defendants seem to rely upon their right to what is known as the 'Quarter Limit,' as showing a right to the possession of the premises in controversy. If you believe from the evidence that the defendants at the time were what is known as 'Claimants to the Cherokee Citizenship,' you are instructed, under the provisions of the law regulating the settlement of the public domain of the Cherokee Nation, defendants, by reason of making improvements on the Cherokee public domain, were not entitled to the possession of the land embraced within the quarter of a mile limit of the improvement. Fourth. Under the injunction and evidence in this case, defendants at no time since the 24th day of January, 1894, have had the right to enter upon any of the lands and premises outside of the original Hunt inclosure, described in the order of injunction, in evidence herein, as containing about forty acres, and the plaintiffs have at all times since then had the right to the exclusive, quiet, and peaceable possession of the lands and premises outside of said original inclosure; and if you believe from the evidence in this case that the plaintiffs in July, 1894, were in possession of the premises sued for, or any part thereof, and by reason of the threats and hostile demonstrations of the defendants the plaintiffs were forced to yield the possession of the premises so held by them to the defendants, it will be your duty to find for the plaintiffs as to all the land and premises so taken by defendants from

**Evidence.**

**Quarter Mile Limit.**

**Peaceable Possession.**

plaintiffs, and to fix the damages to be recovered by plaintiffs of defendants on their bond. Fifth. If the jury find from the evidence the defendants guilty of forcible entry and detainer, as charged in the complaint, the measure of damages which the plaintiffs should recover in this case will be the value of the use and occupation of the cultivated and the grass land which the defendants forcibly entered and detained during the time such lands were held by the defendants under their bond in this case. The plaintiffs in this action must prove that they were in the actual possession of the premises in controversy, and at or about the time alleged in the complaint the defendants with force and violence entered upon the premises and ousted the defendants [plaintiff's] from such possession, and retained the possession by force thereafter. Both the actual possession of the plaintiffs and the forcible entry and detainer of the premises by the defendants are material facts to be proven, and the plaintiffs must prove them by a preponderance of the testimony. If there were no other question in this case than that of a peaceable entry, though unlawful, the plaintiffs would not be entitled to recover. If the possession was obtained peaceably, it must appear that they held it with force thereafter. In this case, in order for the plaintiff to recover, he must establish his suit, not beyond a reasonable doubt, but by a preponderance of the evidence." The third instruction was not prejudicial to the rights of the defendants. The court was justified in charging the jury, as it did in the fourth instruction, that the defendants were not entitled to the possession of the land in controversy, and it made no difference whether they were entitled to their quarter limit or not. The plaintiffs were in peaceable possession of the land, and, if the defendants had a superior title to that of the plaintiffs, their recourse was to the law, and not to shotguns. In the fourth and fifth instructions the court properly submitted to the jury what, in

*Measure of Damages.*

*Burden of Proof.*

our opinion, was the only question in issue,—whether or not the defendants had taken forcible possession of the premises

Error is assigned because the court rendered judg-ment against the bondsmen on the bond which was given at the filing of the original complaint, and the trial was had on an amended complaint alleging a different date as the *Judgment against Sureties.* one on which the forcible entry was committed. We have already held that the amendment was proper, and as it al-leged a date later than that set up in the original complaint, thereby lessening the liability of the bondsmen, they can-not be heard to complain. Besides this, the bondsmen are not parties to this appeal.

The fifth specification of error relates to the refusal of the court to admit in evidence a writ of possession in a suit between the same parties awarding the possession of the original 40 acres heretofore referred to to the defend-ants. The plaintiffs in the case at bar did not claim pos-*Evidence.* session of this tract of land, and did not dispute the defend-ants' right thereto. The injunction issued by the district court did not include it, and the fact that the defendants had been restored to the possession thereof in no way tend-ed to show that they were entitled to the possession of the land in controversy. Its exclusion was proper.

Several errors are assigned to the refusal of the court to instruct the jury as requested by the defendants. With-out going into detail, we have been unable to find any pro-per instruction which was refused, not fully covered by the charge as given. Finding no error in the trial below, the judgment is affirmed.

THOMAS, TOWNSEND, and GILL, JJ., concur.