## FALLON vs MURRAY.

### Opinion delivered October 5, 1901.

1. *Appeal—Objections—Not Considered Unless First Urged Below.*

     Objections to a verdict, not specifically called to the attention of the trial court, though good, will not be considered in this court. And it will not be presumed that all legal objections to the verdict were raised below.

2. *Unlawful Detainer—Bonds—Damages—Judgment.*

     Under Secs. 3352-3362-3363, 3368 Mansf. Dig. (2286, 2296, 2297, 2302 Ind. Ter. Stat.) judgment for rents and damages can only be recovered in an action of unlawful detainer, when the defendant has given bond

and retained possession of the premises. But such bond is not re-
quired until the plaintiff has given bond and obtained writ of posses-
sion; and where no bonds are given, but the parties have treated the
case as though they had been given, it is not error to instruct the jury
to find damages for the plaintiff.

Appeal from the United States Court for the Southern
District.

Hosea Townsend, Judge.

Action by Alzira Murray against John Fallon. Judgment
for plaintiff. Defendant appeals. Affirmed.

This was an action brought by Alzira Murray, as plaintiff,
a member of the Chickasaw tribe of Indians, against John Fallon,
a citizen of the United States, as defendant, for the recovery of
certain lands occupied by said Fallon as the tenant of said Murray
said complaint alleging that demand was made for the possession
of said premises on January 7, 1898, after the term of the rental
had expired, and praying for possession of said premises, and all
costs, and general relief. The plaintiff, with this complaint, filed
her affidavit for possession of said premises under section 3351,
Mansf. Dig. Ark. (section 2285, Ind. T. Ann. St. 1899). The de-
fendant, after the overruling of certain motions and demurrers,
filed his answer in said cause, setting up two contracts of rental
for said premises, and alleging that he was not holding the premis-
es under the contract mentioned in plaintiff's complaint, but
under another and different contract. A demurrer was interpos-
ed to this answer, and overruled by the court, and the cause was
tried to a jury, which jury disagreed, and were discharged; and
thereafter it was tried a second time to another jury, and under
certain instructions of the court said second jury found a verdict

in favor of the plaintiff and against the defendant for recovery of the possession of said lands sued for, and for the sum of $525 for damages, and for costs. The defendant filed a motion for a new trial, which motion was overruled by the court, and judgment entered upon the verdict of the jury in favor of the plaintiff for the recovery of the lands and for damages in the sum of $525 and costs. An appeal was taken, and the case is now before this court for review.

*J. F. Sharp*, for appellant.

*Johnson & Carter*, for appellee.

GILL, J.    Practically the only complaint of error made in the court below in the trial of the case is that the court erred in instructing the jury to allow the plaintiff in the court below to recover any rents or damages due for the detention of the property, for the reason that the record fails to disclose that any writ of possession had ever issued in favor of the plaintiff in said action, or that the plaintiff had ever given a bond to the marshal for the value of the property specified in said writ of possession under section 3352, Mansf. Dig. (section 2286, Ind. T. Ann. St. 1899). An examination of the statute discloses the fact that the plaintiff can recover only for rents and damages of the defendant for an illegal detention of property in an action of forcible entry and detainer when the defendant gives a bond and retains possession of the lands and premises mentioned in the writ. See sections 3352, 3362, 3368, Mansf. Dig. (sections 2286, 2296, 2302, Ind. T. Ann. St. 1899). It is, however, contended by the appellee that during the progress of the trial in this case all the parties and the court treated the case as though a writ of possession had issued in the first instance, and the defendant had given a bond to retain possession of the property; and the appellant, by his action and his words, and by failing to make objection to the introduction of

testimony concerning damages and rents, and by failure to specifically set forth his objections in the court below in his motion for a new trial, is concluded by the judgment, and is estopped from making such objection for the first time in this court. Appellant, in presenting his motion for a new trial in the court below, complained to the court of the verdict that the same was contrary to law. This court cannot know specifically what was the argument of the counsel to the court below, and it is not to be presumed that whatever legal objection there was to the verdict was urged to the court below, nor that the court had the particular objection raised in this court presented to it at the time it overruled the motion for a new trial. Such objection must be shown to have been called to the attention of the court below in some specific manner, and cannot be raised in this court for the first time. The statute of forcible entry and detainer contemplates that, the plaintiff, being entitled to the possession of the premises, and filing his affidavit in specie therefor, thereupon the clerk of the court will issue a writ of possession for the premises sued for; that such writ will be placed in the hands of the marshal, who shall take the bond conditioned · "that the plaintiff will prosecute his suit to effect, and without delay, and if the defendant recover judgment against him in the action, he will restore possession of the land, tenements or other possession in the complaint mentioned, if restitution be adjudged, and will pay the defendant all such sums of money as may be recovered against him by such defendant in the action for any cause whatever" (see sections 3353, 3355, Mansf. Dig. (sections 2287, 2289, Ind. T. Ann. St. 1899)) and that "upon the receipt of such writ and obligation, the marshal shall proceed to execute the writ by delivering possession to the plaintiff, and summoning the defendant according to the terms of the writ; that if the defendant desire to retain possession of the premises, he, in turn, may make his bond with sufficient surety to an amount equal to that named in the plaintiff's bond, conditioned that he will deliver to the plaintiff the possession of the premis-

es together with the costs and damages awarded to the plaintiff, if so decreed by the court, and that the marshal shall then leave the possession of the premises with the defendant, and return the bond with the other papers to the court issuing the same" (see section 3355, Mansf. Dig. (section 2289, Ind. T. Ann. St. 1899). It further provides how either party may except to the bond of the other, and in that way obtain a good bond. Section 3361, Mansf. Dig. (section 2295, Ind. T. Ann. St. 1899), provides: "If on the trial of any action under this act, the verdict is for the plaintiff, the court shall give judgment therein for the costs and award execution as in other cases." Section 3363 (section 2297) further provides, where bonds have been given and returned with the papers, as heretofore mentioned: "That in all cases of forcible entry and detainer, and forcible and unlawful detainers, when the defendant gives bond to retain possession of the lands and premises mentioned in the writ and declaration in the cause, as provided by law, it shall be lawful for the plaintiff to introduce before the jury trying the main issue in such action, evidence showing damage he may have sustained in being kept out of possession of said lands and premises, and the jury, if they find the issues for the plaintiff, shall at the same time, assess what damages, if any, the plaintiff has sustained in being kept out of possession by the defendant, and the court shall render judgment restoring the property to the plaintiff, as now prescribed by law, and shall also render judgment against the defendant and his securities on the bond, for damages as found by the jury, as well as the costs of suit." It is thus seen that the court is without authority to render judgment for damages except where the defendant has given a bond and writ of possession for the lands and premises mentioned in the writ; nor is he required to give such bond until the writ issues and the plaintiff himself has first given bond to secure the defendant against damage. The Supreme Court of Arkansas has in numerous cases passed upon the propositions involved in this case. See decisions in the cases

of Keller vs Henry, 24 Ark. 582; Collins vs Karatopsky, 36 Ark. 316; Walker vs McGill, 40 Ark. 41; Mason vs Delancy, 44 Ark. 444; and Johnson vs West, 41 Ark. 535. We think that the court below, if its attention had been called to the matter, was without authority to enter up a judgment for rents and damages in the case below, but the motion for new trial should have specifically mentioned the error complained of, so that the court below could not be misled; and that it was not error on the part of the court to instruct the jury to find damages for the plaintiff, and to refuse appellant's motion for a new trial, nor to enter up a judgment upon the verdict for damages, all the parties having treated the case as though the statutory bonds had been given. Parties may not mislead a trial court in this way, and profit by such acts in the higher courts. The case is therefore affirmed.

CLAYTON and RAYMOND, JJ., concur.