## STEPHENS ET AL vs QUIGLEY.

### Opinion delivered September 25, 1902.

1.  *Forcible Entry and Detainer—Judgment—Damages.*

    In a case of forcible entry and detainer, where the plaintiff prevails, no damages can  be recovered for the detention of the premises, except in cases where the defendant has given bond and retained possession of the premises, under Secs. 3361, 3362 Mansf. Dig. (Secs. 2295, 2296 Ind. Ter. Stat.)

2.  *Appeal—Objections Waived.*

    Where the defendant made no objection on trial of a forcible entry and detainer case, to evidence touching damages sustained by the plaintiff, though no bond was given by defendant retaining possession, and he himself requested an instruction to the jury on this point, he waives his objection and cannot be heard to complain of the allowance of such damages, on appeal.

Appeal from the United States Court for the Northern District.

JOHN R. THOMAS, Judge.

Action by Hiram Quigley against Green Stephens and others. Judgment for plaintiff. Defendants appeal. Affirmed.

*Hutchings, West & Parker,* for appellants.

*N. A. Gibson,* for appellee.

CLAYTON, J. This case was before us at our January, 1900, term, and was reversed, and remanded for a new trial. At the September, 1900, term, of the United States Court sitting at Muskogee, in the Northern district, the case was retried in all things in conformity to the opinion handed down by us when the case was last before us. We adhere to the opinion then handed down. For the facts of the case, see that opinion, 3 Ind. Ter. Rep. 265. (54 S. W. 814).

But one new question is now raised, and that is as to the damages assessed by the jury. This is a case of forcible entry and detainer. The plaintiff (appellee) prevailed. The record does not show that any bond was given in the case, either by the plaintiff or the defendant. At the trial the court ,at the request of the defendant, gave the following instruction: "In this case it is conceded that the plaintiff was forcibly removed from the premises in controversy on the 5th day of January, 1888, and is therefore entitled to recover possession of the premises. In addition thereto, he is entitled to recover the damages he may have sustained in being kept out of possession by the defendants. The measure of this damage is the difference between the rental value of the place, which belonged to the defendants, and the profit which the plaintiff might have made off the place from time he was dispossessed to the present had he been allowed to remain upon the premises." In cases of this character, where the

defendant has not given bond to retain possession, no damages for detention of the premises can be had in the suit. Section 3361, Mansf. Dig. (Ind. T. Ann. St. 1899, : 2295), provides as follows: "If on the trial of any action under this act, the verdict is for the plaintiff, the court shall give judgment thereon for the costs, and award execution as in other cases." Section 3362 (section 2296) provides that when a bond has been given by the defendant to retain the possession of the lands and premises, when the plaintiff prevails, damages for the detention may be assessed by the jury trying the case. As there was no bond filed by the defendant in this case, the plaintiff should not have been allowed to introduce proof, nor the jury to assess damages for the detention of the premises by the defendant. Walker vs McGill, 40 Ark. 38. But the defendant himself asked for the instruction, and in his motion for a new trial his only complaint was "that the jury awarded excessive damages, which appear to have been given under the influence of passion," and nowhere in said motion complains of the action of the court in permitting evidence of such damage to be introduced, nor of the charge of the court, and no exceptions were saved in these particulars during the trial. Indeed, the trial seems to have been conducted with the understanding by all of the parties that, notwithstanding no bonds had been filed, the damages for the detention might be settled in the case, to save the expense of another suit. On page 26 of the transcript of the record we find the court saying: "There is nothing involved in this except the damages the plaintiff has suffered since the beginning of this suit. I have allowed the defendants to offset ,as I think fair, and we had better settle it all at this time than to have separate suits. It was with that understanding that I let that evidence go in." But, be this as it may, the defendant cannot, after having induced the court to submit the question of damages to the jury, now be heard to complain.

Let the judgment of the court below be affirmed.