RILEY, vs CATRON, et al.

Opinion delivered September 25, 1902.

1. *Forcible Entry and Detainer—Evidence—When Conflicting, Prevents Directed Verdict.*

> In an action of forcible entry and detainer, where the evidence is conflicting upon material points, the jury must determine the weight to be given the evidence of each witness and a request for a peremptory instruction to find a verdict for plaintiff was properly refused.

2. *Verdict—Found on Conflicting Evidence, not Disturbed on Appeal.*

> Where the evidence in an action of forcible entry and detainer is conflicting and the jury find, from all of the evidence, under proper instructions, that a defendant is entitled to possession of the premises, such verdict will not be disturbed by this court.

3. *Forcible Entry and Detainer—Instructions.*

In an action of forcible entry and detainer the plaintiff requested an instruction that if the jury believed the defendant entered the premises without consent of the plaintiff, then in possession of same, and afterward held possession by force, they should find for the plaintiff. This was refused and the court instructed the jury that the defendant had no right to enter by force and if he did so judgment must be for the plaintiff. *Held*, such refusal was no error as the same principle was embodied in the instruction given.

4. *Forcible Entry and Detainer—Action for Tort—Actual Force Necessary.*

The action of forcible entry and detainer is one of tort and actual force must be shown in the original entry or subsequent possession. A peaceable, though unlawful, entry is not sufficient.

Appeal from the United States Court for the Southern District.

HOSEA TOWNSEND, Judge.

Action by W. B. Riley against C. B. Catron and others. Judgment for defendants. Plaintiff appeals. Affirmed.

This is an action of forcible entry and detainer brought by appellant against the appellees for the possession of certain premises described in the complaint. Complaint and affidavit were filed by appellant in the lower court on February 11, 1901; the complaint stating, in substance, that the plaintiff was, on the 4th day of January, 1901, in the actual and peaceable possession of a certain tract of land, together with the improvements thereon, as described therein; that on said date, and since, the defendants, acting together and with one W. C. Boyer and a great multitude of people, with force and strong hand and with weapons, and by such words and actions as have a natural tendency to excite fear and apprehension of danger, and by putting out of doors, and by threats of violence, and other cir-

cumstances of terror, caused plaintiff to yield possession of said lands, and that said defendants unlawfully and wrongfully entered into possession thereof, and since said date, with force and strong hand, and by threats of violence, unlawfully and wrongfully detain and hold the same, to plaintiff's damage in the sum of $500; and that plaintiff is lawfully entitled to the immediate possession of said lands and improvements,—and asks for judgment for the possession of said premises from said defendants, and for a writ of possession to remove defendants therefrom and place this plaintiff in possession thereof. Thereupon writ of possession and summons was issued on the 11th day of February, 1901; returned and filed on the 12th day of March, 1901; the return showing that the plaintiff (appellant herein), had made bond in the sum of $1,000, and retained possession of said premises. Thereupon, on March 20, 1901, the defendants filed their answer to plaintiff's complaint, the defendant Gallamore dislcaiming any interest in the possession of said premises, and that the defendant C. B. Catron at the time of the institution of this suit in the court below held and occupied said premises as the tenant of one King Bell, whom defendants alleged was lawfully entitled, by a judgment previously rendered in the court below, to enter upon and occupy said lands, and denying that plaintiff was in the actual and peacable possession of said premises sued for, or that he was entitled thereto, and that said lands were wholly unoccupied, save and except a certain house and about one acre of ground which was inclosed, was occupied by plaintiff as the tenant of said King Bell, and that the terms of said tenancy had expired; that defendant, by virtue of said King Bell, and as his agents, quietly and peaceably entered upon said premises, and that defendant C. B. Catron at the time of the institution of this suit held and occupied the same as tenant of said Bell; and defendants deny that they unlawfully and wrongfully detain and hold the same. Thereupon

on the 26th day of March, 1901, said cause was tried by a jury, who returned a verdict in favor of defendant C. B. Catron, and thereupon the court rendered judgment upon the verdict of said jury in substance as follows: That defendant, E. W. Gallamore, go hence without day, with his costs, and that defendant, C. B. Catron, have and recover of and from plaintiff, W. B. Riley, and the sureties on his bond in this cause, the possession of the premises sued for. Thereupon plaintiff filed his motion for new trial, which motion is as follows: "Now comes the plaintiff, and moves the court to set aside the verdict in the above-entitled cause, and grant a new trial herein, for the following reasons: (1) Because the verdict is contrary to the evidence in the case; (2) because of errors of the court at the trial in the admission of evidence over the objection of the plaintiff, and instructions to the jury, excepted to at the time." Said motion came on for hearing, and was overruled by the court, exceptions duly taken, and appeal to this court prayed and allowed.

*J. W. Hocker*, for appellant.

*J. F. Sharp* and *John A. McClure*, for appellees.

GILL, C. J.   Appellant as his first assignment of error. says: "(1) The court erred in not giving peremptory instructions for the plaintiff as requested." The court certainly committed no error in refusing to give the jury a peremptory instruction for plaintiff, as the evidence upon the trial in this case nowhere warrants such an instruction, as will be seen from the following testimony of the plaintiff, who testified in his own behalf as follows: "Cross-examination by Mr. McClure (attorney for defendants): Q. Mr. Riley, hadn't you and Mr. Catron been living together in the same house out there for more than a month before this suit was brought? .A. Which suit? Q. This one here? A. We lived there some before the suit was brought.

Q. From the 4th of January to the 11th of February, about; got along all right together, didn't you? A. Why, he attended to his business, and I attended to mine. Q. During that time did Mr. Catron use any words to you that would have a tendency to excite fear and apprehension of danger at the time you and he lived in the house there? A. No, sir. Q. Did Mr. Catron ever threaten to put you out of doors? A. No, sir, he never threatened to." The testimony at the trial of this case was conflicting as to various material points, and the jury had the right to determine for themselves what weight they would give to the evidence of each of the witnesses; and where such evidence is conflicting, as in this case, a request for a peremptory instruction for plaintiff is properly refused, and where the jury find by their verdict, from all the evidence, under proper instructions of the court, that one of the defendants is entitled to possession of the premises in controversy, such verdict will not, as a general thing, be disturbed by this court; and consequently the only question for us to consider is whether the court properly instructed the jury as to the law applicable in this case.

Appellant's second specification of error is as follows: "(2) The court erred in refusing to instruct the jury as requested by the plaintiff, as follows: You are instructed that if you believe from the evidence that the defendants entered the premises without the consent of the plaintiff, who was in the possession of the premises, and afterward the defendants held possession of the premises with force and strong hand, you will find for the plaintiff." The court refused to give the above instruction requested by plaintiff, and gave in lieu thereof the following: "* * * It does not give the defendant any right to enter by force, but if he went into possession as owner, peaceably, he has a right to remain in possession. If he went in by force, the judgment should be for the plaintiff. In other words, in this action it is an action of forcible entry and detainer, and where

the party enters by force the judgment must be for the plaintiff, because it is in lieu— It settles no title whatever, but it is an action designed to keep the peace; that it does not try questions of title between the parties, but it is for the purpose of saying to people, 'You shall not use force to gain possession of property;' and, if there was force used to gain possession of the property by the defendant, the judgment should be for the plaintiff, or those acting with him. If he used no force, but got into possession as owner peaceably, then the verdict should be for the defendant." It is well settled that a court is not bound to use the exact words requested by a litigant in an instruction, even though it correctly states the law, so long as the law is substantially stated in another instruction, however clothed in other words. We think the court committed no error in refusing to give the instruction requested by plaintiff, inasmuch as the same principles were embodied in another instruction.

Appellant, as his third specification of error, says: "(3) The court erred in giving the following instructions, which were objected to by plaintiff at the time: 'If he used no force, but got possession as owner, peaceably, then the verdict should be for the defendant. The action of forcible entry is a tort, pure and simple. Force is the gist of the action, and it must be actual and hostile.'" In Hall vs Trucks, 38 Ark. 257, the court held that "force is the gist of the action for a forcible entry and detainer; but implied force, as when the defendant entered peaceably, though unlawfully, is not sufficient. It must be actual and hostile." And it has been substantially held by the supreme court of Arkansas, in Johnson vs West, 41 Ark. 535, that implied force, as when the defendant enters peaceably, though unlawfully, is not sufficient, but that the original entry or subsequent holding of possession must be shown to have been with force and strong hand.

We think the above-cited cases correctly state the law and, as the court's instructions seem to have been based upon

them, no error was committed; and, believing that substantial justice was done in this case, the decision of the lower court in refusing to grant appellant a new trial is affirmed.