## TURNER *et al.* v. MOORE.

No. 1381.  Opinion Filed December 12, 1911.

Rehearing Denied May 14. 1912.

(127 Pac. 487.)

1.  **FORCIBLE ENTRY AND DETAINER—Evidence—Directed Verdict—"Forcible Entry."** When one person in the nighttime comes upon a lot occupied by the building of another person, breaks into the building, destroys it, and removes it from the premises, such an entry is a forcible entry within the meaning of section 3347 of Mansf. Dig. of Ark. (Ind. T. Ann. St. 1899, sec. 2281), in force in the Indian Territory prior to statehood, and, when the evidence of these facts is undisputed, it is not error for the court to instruct a verdict.

2.  **NEW TRIAL—Grounds—Waiver.** Under the Arkansas statutes which were in force in the Indian Territory prior to statehood, damages were not recoverable in an action of forcible entry where a bond for possession had not been given, but, where the case is tried upon the theory that such damages are recoverable, it is too late, after a verdict, to change the theory of the case; and,

Turner et al. v. Moore.

where such question is first raised in a motion for new trial, the ruling of the trial court on the motion will not be reversed.

3.  APPEAL AND ERROR—Review—Exclusion of Evidence. In order that this court may consider assignments of error relating to the exclusion of evidence, there must be a showing in the record as to what the excluded evidence would have been before the court can say that there was reversible error in the ruling.

(Syllabus by Ames, C.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by John J. Moore against Fred E. Turner and the Old Homestead Company to recover the possession of a certain lot in city of Muskogee, and damages for the unlawful detention thereof. Judgment for plaintiff, and defendants bring error. Affirmed.

*Zevely, Givens & Smith,* for plaintiffs in error.

*Samuel V. O'Hare,* for defendant in error.

Opinion by AMES, C. This is an action of forcible entry and detainer, originating in the Indian Territory prior to statehood, and therefore governed by the statutes of Arkansas which were then in force. The plaintiff had rented a lot in the city of Muskogee from the defendants, on which he had constructed a small frame building, which for several years had been occupied by his tenants. About one week prior to October 27, 1907, his tenant moved out. The building became vacant, but was locked with a key in the possession of the plaintiff. On the night of October 27th, while the plaintiff was absent from the premises, the defendants entered thereon, tore down and destroyed the building, and refused to restore the possession to the plaintiff. He thereupon brought this action of forcible entry and detainer; the defendants, pending the action, remaining in possession without bond. At the close of the trial, the court instructed the jury to return a verdict for the plaintiff for the possession of the premises and for damages. It is claimed by the defendants that the court erred in giving a peremptory instruction, and likewise erred in submitting to the jury the ques-

tion of damages, and also in excluding evidence offered by them, and in refusing the instructions which they requested.

We do not think there was error in giving the peremptory instruction to find for the plaintiff for the possession of the prop-erty. Mansf. Dig. of Ark., sec. 3347 (Ind. T. Ann. St. 1899, sec. 2281), is as follows:

"If any person shall enter into or upon any lands, tenements or other possessions, and detain or hold the same with force and strong hand, or with weapons, or breaking open the doors and windows or other parts of the house, whether any person be in or not; or by threatening to kill, maim or beat the party in possession; or by such words and actions as have a natural tendency to excite fear or apprehension of danger; or by putting out of doors or carrying away the goods of the party in possession; or by entering peaceably and then turning out by force; or frightening by threats or other circumstances of terror the party to yield possession; in such case every person so offending shall be deemed guilty of forcible entry and detainer within the meaning of this act."

It will be observed from this section that "breaking open the doors and windows or other parts of the house, whether any person be in or not," constitutes a forcible entry; and while it is true that under this statute the courts of Arkansas and the Indian Territory have held that actual force is the gist of the action (*Hall v. Trucks,* 38 Ark. 257; *Johnson v. West,* 41 Ark. 535; *Towell v. Etter,* 69 Ark. 34, 59 S. W. 1096, 63 S. W. 53; *Riley v. Catron,* 4 Ind. T. 376, 69 S. W. 908), and that a peaceable entry, though unlawful, is not sufficient to sustain the action (*Winn v. State,* 55 Ark. 360, 18 S. W. 375; *Anderson v. Mills,* 40 Ark. 192), they have likewise held that a forcible and violent entry upon property upon which no person is present at the time the entry is made is within the meaning of the statute (*Kelly v. Johnson,* 1 Ind. T. 184, 39 S. W. 352; *McGuirem .v. Cook,* 13 Ark. 448). The same conclusion has also been reached in New Jersey (*Mason v. Powell,* 38 N. J. Law, 576), and, as the Arkansas statute was adopted from New Jersey (*Johnson v. West,* 41 Ark. 535, 541), that decision is entitled to equal weight. As the evidence showing the forcible entry was undisputed, we

do not think it was error for the court to give the instruction complained of.

It is next urged that the court erred in permitting the jury to return a verdict for damages; and it is argued that in this action, as no bond for possession had been given by either party, damages are not recoverable. This is ordinarily true. *Walker v. McGill,* 40 Ark. 38; *Keller v. Henry,* 24 Ark. 575. This general rule is admitted by the plaintiff, who claims, however, that the case was tried below upon the theory that damages were recoverable, and that that theory cannot be changed in this court. The record shows that the plaintiff's evidence of damages was offered without objection, that the defendants themselves offered evidence upon the subject, that they requested an instruction upon the measure of damages; and it is apparent from a careful examination of the record that objection to the giving of damages was never made in the trial court until after the verdict had been rendered and until the filing of the motion for a new trial. It is well settled under the Arkansas practice that, while damages are not recoverable in this action unless bond has been given, when the case has been tried in the lower court upon the theory that damages are recoverable, error cannot be predicated upon that fact. *Fallon v. Murray,* 4 Ind. T. 86, 64 S. W. 753; *Stephens v. Quigley,* 4 Ind. T. 120, 69 S. W. 820. If damages were recoverable in the action, the measure of damages stated in the court's instruction is correct. *Hunt v. Hicks,* 3 Ind. T. 275, 54 S. W. 818; *Osteen v. Stovall,* 5 Ind. T. 170, 82 S. W. 710; Mansf. Dig. of Ark., sec. 3362 (Ind. T. Ann. St., sec. 2296). Having tried the case on the theory that damages were recoverable, and the trial court having overruled the motion for new trial, which first raised this point, we cannot say here that this was error. As is said in the syllabus in *McCants v. Thompson,* 27 Okla. 706, 115 Pac. 600:

"He will not be permitted to speculate upon the verdict of the jury, and afterwards, for the first time, in his motion for new trial raise the question of surprise."

See, also, *Brewer v. Asher,* 8 Okla. 231, 56 Pac. 714; *Alcorn v. Dennis,* 25 Okla. 135, 105 Pac. 1012; *Nall v. Wabash,*

*St. L. & P. Ry. Co.,* 97 Mo. 68, 10 S. W. 610; *Estes v. Nell,* 163 Mo. 387, 63 S. W. 724.

Objection is also made to the exclusion of certain evidence offered by the defendants, but, as the record does not show what the evidence would have been if it had been admitted, we cannot say that there was error. Under the decisions of this court, where a party complains of the rejection of evidence it is necessary for him to show in the record the substance of what the evidence would have been, in order that this court may determine whether material error was committed. *Hutchings v. Cobble,* 30 Okla. 158, 120 Pac. 1013; *Steward v. Commonwealth National Bank,* 29 Okla. 754, 119 Pac. 216.

Not finding any reversible error in the record, we think the judgment should be affirmed.

By the Court: It is so ordered.