MUSKOGEE ELECTRIC TRACTION CO. v. STAGGS.

No. 1783.   Opinion Filed May 14, 1912.

Rehearing Denied June 25, 1912.

(125 Pac. 481.)

1.   APPEAL AND ERROR—Presenting Questions in Trial Court—
Offer of Evidence. In order that this court may consider assignments of error relating to the exclusion of evidence, there must be a showing in the record as to what the excluded evidence would have been, before this court can say that there was error in the ruling.

2.   TRIAL—Instructions—Applicability to Case. An instruction, not supported by the evidence, but which requires a finding by the jury on a material issue raised by the pleadings, is erroneous, and should not be given.

(Syllabus by Robertson, C.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by Millie Staggs against the Muskogee Electric Traction Company for personal injuries. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with instructions.

*N. A. Gibson* and *H. C. Thurman,* for plaintiff in error.

*Bert C. Wood* and *O. T. Gilbertson,* for defendant in error.

Opinion by ROBERTSON, C. It is essential to a correct determination of the issues involved herein that the record show whether or not the accident occurred on a public highway or street, or on private property. Plaintiff alleged in her petition that the accident occurred on a public street in the city of Muskogee; while the defendant alleged in its answer that the point where the accident occurred was on its private property, and that plaintiff, at the time she was injured, was a trespasser. It can readily be seen that wholly different rules covering the admission of testimony and fixing the rights, duties, and liabilities of the parties would apply in the one case from those applicable to the other. The plaintiff at the trial attempted to introduce certain plats, whether for the purpose of showing that the scene of the accident was within the limits of the city of Muskogee, or that the street had been regularly surveyed and laid off, or for both, or for some other purpose, we are unable to say, as counsel for plaintiff failed to incorporate in the record their reasons for offering the same. Objection was made by the Traction Company to the introduction of these plats in evidence, such objection being sustained by the court, and an exception taken by the plaintiff to such ruling; but plaintiff did not incorporate these plats in the record, nor did she prove that the scene of the accident was within the limits of the city of Muskogee, or in a regularly platted and laid off, or dedicated, or used, street or public highway, and we are therefore unable to say whether or not there was error in the ruling of the court on this subject.

"In order that this court may consider assignments of error relating to the exclusion of evidence, there must be a showing in the record as to what the excluded evidence would have been,

before this court can say that there was reversible error in the ruling." (*Turner et al. v. Moore, ante,* 127 Pac. 487; *Hutchings v. Cobble,* 30 Okla. 158, 120 Pac. 1013.)

The evidence in this case, however, did not authorize the giving of instruction No. 2, and the issue thus submitted to the jury was not sustained by proof. In fact, there was no competent evidence in the case tending to show that Twenty-First or Harsha street was a public highway within the limits of the city of Muskogee on October 6, 1909, or that it had ever been laid off by an act of the owner, granting the same to the public, or that the same was on a section line, or any part of the government town site, or that it had become a public highway by prescription, or otherwise. The record is free from any evidence, or offer of evidence, which tends to establish these facts. If the place where the accident occurred was not on a public highway, but, on the contrary, was on private property, as the Traction Company insists, then it necessarily follows that wholly different rules would apply in the conduct of the trial of the cause, especially as affecting the rights, duties, and liabilities of the parties concerned. An instruction, not supported by the evidence, but which requires a finding by the jury on a material issue raised by the pleadings, is erroneous, and should not be given.

We would therefore be warranted by the condition of the record in reversing this case on the refusal of the trial court to sustain defendant's motion for a peremptory instruction in its behalf; but, perceiving the importance of the questions involved, as well as recognizing the fact that the error complained of can be remedied by a new trial, if the facts really exist as alleged by defendant in error in her petition, we are constrained to remand the cause for another trial, where the errors now complained of may be corrected, if such correction is possible.

The other questions raised in the assignment of error do not require further consideration, inasmuch as the cause must be remanded for a new trial.

For the reasons above given, the judgment of the superior court of Muskogee county should be reversed and the cause remanded, with instructions to grant a new trial.

By the Court: It is so ordered.