# EVANS v. SMITH.

No. 4540.   Opinion Filed July 27. 1915.

(150 Pac. 1096.)

1. **APPEAL AND ERROR—New Trial—Verdict—Objections.** In a replevin suit for a horse, the sole question being as to ownership, the defendant being in possession at the time of trial, the verdict for plaintiff failed to fix the specific value of the horse, and judgment was rendered solely for a return. No objection was made as to the form of the verdict until some days later in the motion for a new trial. **Held:** (1) The objection came too late; (2) besides, if the plaintiff was satisfied with a judgment merely for a return of the property, the defendant, under these facts, has no right to complain.

2. **APPEAL AND ERROR—Record—Questions Presented—Exclusion of Evidence.** In a replevin suit for a horse, brought against the executor of the estate of a deceased, where a son of deceased claimed the property as a gift **inter vivos,** and the preceding evidence related almost solely to acts and declarations of deceased, an objection as to her competency was made when the widow and heir of deceased was offered as a witness, which was sustained. In the absence of any showing as to what facts or what line of evidence it was expected to adduce from the witness, **held** not error.

3. **SAME—Questions for Review—Instructions.** When the instructions given by the court are not brought into the record, this. court has no means of determining whether the court erred in refusing to give a series of requested instructions. They may have all been embodied substantially in the general charge of the court.

(Syllabus by Brewer, C.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Replevin by David Smith against Rees Evans, as executor of Famous Smith. Judgment for plaintiff, and defendant brings error. Affirmed.

*Brook & Brook,* for plaintiff in error.

*John Watkins,* for defendant in error.

Evans v. Smith.

Opinion by BREWER, C. This is a replevin suit, brought by David Smith, as plaintiff below, against Rees Evans, executor of the estate of Famous Smith, to recover a certain horse. At a trial before a jury the plaintiff prevailed, the jury returning a verdict in favor of plaintiff, without finding specifically the value of the horse in controversy; and on this verdict the court entered judgment solely for a return of the property to plaintiff, it in the meantime having been turned over to the defendant under his redelivery bond.

The defendant below, the executor, as plaintiff in error here, relies upon numerous alleged errors of the court for a reversal. The points most seriously urged are: (1) Complaint as to the form of the verdict, based upon the fact that it did not find specifically the value of the horse; (2) that the court erred in refusing the testimony of Mrs. Maud Smith, the widow and heir of Famous Smith, deceased, for whose estate the executor was claiming the property; (3) error in not admitting a certified copy of the will of the deceased in evidence; (4) alleged error in refusing to give to the jury numerous instructions requested by defendant.

1. In this case the only issue presented was as to the ownership of the horse. Plaintiff contended it belonged to him, and defendant, as executor, contended that it belonged to the estate of Famous Smith, deceased. The jury found, upon an abundance of evidence, that the horse was the property of the plaintiff, without finding its value, and the judgment of the court in conformity with the verdict was that plaintiff have and recover the horse, together with the costs of the action.

No objection was made to the form of the verdict until some days later, when it was raised in a motion for

new trial. This was too late; and besides, if plaintiff was was satisfied with a judgment solely for the return of the horse, the defendant, under these facts, has no right to complain. *Crisp v. Gillespey, Sheriff, post,* p. —, 151 Pac. 196; *Ward v. Richards,* 28 Okla. 629, 115 Pac. 791; *Davis v. Gray,* 39 Okla., 386, 134 Pac. 1100. Besides, it might be added that it is solemnly agreed in the evidence that the value of the horse was $125; and, had the irregularity been called to the attention of the court timely, the court would have instructed the jury under the agreement of counsel to fix the value as agreed.

2. When Mrs. Maud Smith was called to the stand, after stating her name, an objection was made as to the competency of the witness, on the ground that she was the wife (widow) of Famous Smith, for whose estate the executor was defending. The objection was sustained, and an exception entered, without any showing being made with regard to the nature or character of the evidence it was expected the witness would give. Without any showing as to what testimony it was proposed to adduce, or whether or not it was such as the widow might give, we cannot say that the court erred. *Hartzell v. Hartzell,* 42 Okla. 390, 141 Pac. 772, and cases cited.

3. The defendant offered in evidence the will of Famous Smith, claiming that it threw some light on the question of ownership of the property. An objection was made and sustained to the introduction of the will, but defendant did not see proper to note an exception. Therefore he has failed to save the point.

4. Defendant complained in his motion for a new trial, has assigned as error, and argued in his brief, that the court erred in failing to give a series of seven in-

structions requested by him. Some of these instructions so offered appear to correctly state the law, but they may have been sufficiently and fully covered in the general charge of the court, which has not been brought into the record. The record shows that after all of the evidence was offered:

"The court gave to the jury its instructions  *  *  * in the words and figures as follows, to wit."

This is followed by a statement in brackets:

"Said instructions are not obtainable at this time, the same having been lost or destroyed, and are therefore not made a part of the case-made."

In this situation we have no means by which we can determine whether the court misdirected the jury or not. or whether it erred in refusing the instructions requested.

Finding no error in the record requiring a reversal. the judgment of the trial court should be affirmed.

By the Court: It is so ordered.