## FORD et al. v. PERRY.

No. 7043—Opinion Filed Oct. 9, 1917.

(168 Pac. 221.)

1. **Appeal and Error — Rulings of Trial Court—Exception.**

Rulings of the trial court, assigned as error, to which no exceptions were taken, are not reviewable on appeal.

2. **Appeal and Error—Exclusion of Evidence—Record.**

This court may not consider an assignment of error predicated upon the exclusion of evidence where the record fails to disclose what such evidence would have been if admitted.

3. **Limitation of Actions — Fraud—Discovery.**

The registration of a deed procured from an ignorant and illiterate grantor by the false and fraudulent pretense that the same was merely a rental contract does not constitute constructive notice of such fraud sufficient to set the statute of limitations in motion as against the grantor.

4. **New Trial—Motion—Diligence.**

A motion for new trial on the ground of newly discovered evidence is properly overruled where no facts constituting diligence to have discovered such evidence in time for the trial are shown.

(Syllabus by Bleakmore, C.)

Error from District Court, Pontotoc County; Tom D. McKeown, Judge.

Action by Casey Perry against R. P. Ford and others. Judgment for plaintiff, and defendants bring error. Affirmed.

Kirby Fitzpatrick, for plaintiffs in error.

Robt. Wimbish and W. C. Duncan, for defendant in error.

Opinion by BLEAKMORE, C. This is an action in damages commenced in the district court of Pontotoc county on December 9, 1912, by Casey Perry (formerly Casey Peters), as plaintiff, against R. P. Ford, F. R. Harriss, and Henry Ford, defendants, resulting in judgment for plaintiff in the sum of $1,116 against the defendants jointly, and the additional sum of $800 against R. P. Ford; to reverse which this proceeding in error is prosecuted. The parties are referred to as they appeared in the trial court.

In her petition plaintiff alleges, in substance: That she is an enrolled member of

the Chickasaw Tribe of Indians to whom certain lands were allotted, exclusive of homestead, alienable, under the provision of the act of Congress approved May 27, 1908, when she reached majority. That as shown by the enrollment records of the Commissioner of the Five Civilized Tribes, she arrived at the age of 18 years in September, 1909. That she is ignorant and illiterate. That defendants in furtherance of a conspiracy to fraudulently obtain title to said lands, by falsely representing to her that certain deeds thereto were merely contracts of rental, induced her to execute four instruments of conveyance, three during the period of her minority, being (1) a deed to Henry Ford recorded August 17, 1908; (2) a deed of date September 28, 1908, to R. P. Ford and F. A. Harriss, reciting a consideration of $950; (3) a deed dated May 22, 1909, to R. P. Ford and F. R. Harriss, the recited consideration of which was $1,000—and a fourth, subsequent to attaining her majority, to Henry Ford, recorded September 22, 1909, for the purported consideration of $1,000, all of which were signed by mark. The defendants jointly executed a mortgage of said lands, and later joined in a conveyance thereof to innocent purchasers. That the reasonable value of said lands was $2,000. That the only consideration she ever received was a horse valued at $80 and $54 in money. There was prayer for actual damages in the sum of $1,866, and $1,000 exemplary damages.

Defendants moved to require plaintiff to make the petition more definite and certain. The motion was overruled, whereupon they answered by way of general denial and a plea of the statute of limitations.

The errors assigned and relied upon for reversal are the overruling of the motion to make more definite; that the verdict is contrary to the evidence; the admission and rejection of testimony; the giving and refusal of instructions; the overruling of a motion for new trial on the ground of newly discovered evidence.

(1) Defendants failed to except to the action of the court overruling the motion to make the petition more definite and certain, and therefore the same is not properly subject to review here. Winans v. Hare, 46 Okla. 741, 148 Pac. 1052.

(2) The evidence, which we have carefully reviewed, in our opinion reasonably tends to sustain the judgment.

(3) Upon the trial it appears that defendants, evidently for the purpose of establishing payment of at least a larger portion of the consideration recited in the deeds than plaintiff admitted receiving, offered in evidence a number of canceled checks, some of which were rejected. The checks so excluded are not incorporated in the case-made, and we have no means of knowing their contents, or whether they were revelant or material to the issues. For aught disclosed by the record they may have been entirely foreign to the transaction in suit. "In order that this court may consider assignments of error relating to the exclusion of evidence, there must be a showing in the record as to what the excluded evidence would have been before the court can say that there was reversible error in the ruling." Turner v. Moore, 34 Okla. 1, 127 Pac. 487; Farmers' Product & Supply Co. v. Bond, 61 Okla. 244, 161 Pac. 181.

Defendants also introduced a witness, Jack Peters, the former husband of plaintiff, who joined with her in the execution of the deeds in question, and inquired whether he had acted as her agent in collecting from Ford a portion of the consideration thereof. Objection to his competency as a witness in this respect was sustained. He was further asked if he had signed such deeds, to which objection on the same ground was also sustained. There is no showing made as to what his answers would have been if permitted to respond, and therefore, regardless of the question of his competency as a witness, error cannot be predicated on the rejection of his testimony. In Gault v. Thurmond, 39 Okla. 673, 136 Pac. 742, it is said:

"The first, second, and seventh assignments of error are based upon the action of the court in the exclusion of evidence. While it is doubtful if either of the questions asked were competent, from the character thereof, there being no offer made on the part of counsel as to what the excluded evidence would have been had the court permitted the witness to answer the question asked, we cannot say that any error was committed. Lamont Light & Gas Co. v. Doop & Frater (39 Okla. 427), 135 Pac. 392; Hutchings v. Cobble, 30 Okla. 158, 120 Pac. 1013; Turner v. Moore, 34 Okl. 1, 127 Pac 487; Muskogee Electric Traction Co. v. Staggs, 34 Okla. 161, 125 Pac. 481."

(4) The court refused to give the following instruction requested by defendants:

"The phrase 'until the discovery of fraud' in the statute does not necessarily mean notice of the fraud alleged to have been committed, for constructive notice of the fraud is sufficient to set the statute in motion, even though there be no actual notice. Where the means of discovery lie

in public records, required by law to be kept, which involves the very transaction in hand and the interest of the parties to the litigation, the public records themselves are sufficient constructive notice of the fraud to set the statute in motion, and if you find the deeds complained of were recorded more than two years before the filing of this suit you will find for the defendants."

In this connection, however, the jury was charged:

"The court instructs the jury that under the laws of the state of Oklahoma this suit by the plaintiff for relief on the ground of fraud must be commenced within two years from the discovery of fraud, and in this connection you are instructed that the records in the office of the register of deeds of Jefferson county, Okla., are public records, open for inspection for all persons, and that the recording of the deed in the office of the register of deeds of Jefferson county, Okla., is sufficient notice to start the statute to an ordinarily prudent person of the nature of the instruments therein recorded, except such person who, on account of illiteracy and ignorance, as would be unable to read and understand the instrument though they went to said register of deeds' office and looked at the records. In this connection you are instructed that an action is 'commenced when the petition is filed and the summons is served upon the defendant.' "

It is urged that the action of this court in refusing the requested instruction and charging the jury as above set forth, and in overruling defendants' motion for judgment on the pleadings, constituted reversible error, for the reason that the public record of such deed was constructive notice of the fraud declared on sufficient to set the statute in motion. The statute of limitations upon which defendants rely as a bar to the action (section 4657, Rev. Laws 1910) provides:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: * * *

"Third. Within two years: * * * An action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

By section 1155, Rev. Laws, 1910, it is provided:

"Every conveyance of real property acknowledged or approved, certified and recorded as prescribed by law from the time it is filed with the register of deeds for record is constructive notice of the contents thereof to subsequent purchasers, mortgagees, incumbrancers or creditors."

In the light of the foregoing provisions we are of opinion that plaintiff, as the grantor of the deed in question, does not come within the rule announced in Board of Commissioners of Garfield County v. Renshaw, 23 Okla. 56, 99 Pac. 638, 22 L. R. A. (N. S.) 207, that:

"Where the means of discovery lie in public records required by law to be kept, which involve the very transaction in hand, and the interests of the parties to the litigation, the public records themselves are sufficient constructive notice of the fraud to set the statute in motion."

But that the doctrine announced in Webb v. Logan, 48 Okla. 354, 150 Pac. 116, applies, viz.:

"The record of a deed is not notice to the grantor of the fraudulent inclusion therein of land other than that intended to be conveyed, so as to set the statute of limitations running against the grantor."

In the body of the latter opinion it is said:

"The plaintiff knew, as a matter of fact, that she had not conveyed her individual allotment to the defendants by the deed in controversy. They represented to her that it covered only the interest in the allotment of Eda McDonald. She relied upon this, and it was not her duty to search the record to see if a fraud had been practiced upon her. It was not her duty to record the deed or see that it was recorded. * * * To hold that the recording of deeds of this character would be constructive notice to the grantor and start the statute of limitations would work a great injustice in this state, and, to our minds, would put a premium upon dishonesty and rascality in land transactions. But few owners consult the record to ascertain the condition of their title. If the rule invoked by defendants is correct, if one should make a deed to a certain tract of land, and in addition to this there should be fraudulently included therein another tract, and the grantor should fail for more than two years after the recording of the deed to search the record to ascertain what really was included in the deed, his right of action to set aside the deed, in so far as it affected the land fraudulently included therein, would be barred, and he would have no relief. Such principle of law is not sound, and to countenance it would be an injustice."

(5) The motion for new trial on its face discloses lack of diligence on the part of defendants. The two witnesses whose testimony is set forth as newly discovered were subpoenaed. One was present and

testified. The other failed to appear, but no application for continuance on that account was presented, nor was further effort made to procure his attendance by attachment or otherwise, defendants electing to proceed to trial in his absence. A motion for a new trial upon the ground of newly discovered evidence should be denied if the facts constituting due diligence to have discovered the same in time for the trial are not stated therein. Straughan v. Cooper, 41 Okla. 515, 139 Pac. 265.

There is nothiig in the record to indicate that the verdict was the result of passion or prejudice. Upon a review of the entire proceeding we are of opinion that no error prejudicial to the rights of defendants was committed, and that on the whole substantial justice has been done.

It follows that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.