## COOKSEY v. COOKSEY.

No. 10713—Opinion Filed March 21, 1922.

(Syllabus.)

1. **Appeal and Error—Review—Rejection of Evidence—Record.**

When the trial court sustains an objection to the introduction of evidence, such ruling is not open to review in this court in the absence of a record showing the facts which the party expected to prove by the introduction of said evidence.

2. **Same—Harmless Error.**

A case will not be reversed for error in the rejection of evidence, unless it appears upon an examination of the entire record that such error has resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right.

3. **Divorce—Abandonment—Sufficiency of Evidence.**

On examination of the record, held, the finding of the trial court that the plaintiff in error had deserted the defendant in error is not clearly against the weight of the evidence.

Error from District Court, Greer County; Thomas A. Edwards, Assigned Judge.

Action by John Cooksey against Bertie Cooksey for divorce and custody of child. Judgment for plaintiff, and defendant brings error. Affirmed.

Percy Powers, for plaintiff in error.

A. M. Stewart and H. H. Edwards, for defendant in error.

McNEILL, J. John Cooksey commenced this action in the district court of Greer county against the defendant, Bertie Cooksey, for divorce, on the grounds of desertion, and for the care and custody of their minor child. The defendant, Bertie Cooksey, filed an answer and cross-petition asking for divorce on the grounds of cruel and inhuman treatment, and alleging that the plaintiff and defendant were the owners of certain land, being school land, purchased from the state, and asked for the care and custody of the minor child and an equal division of the property.

To this cross-petition the plaintiff filed an answer which was a general denial. Upon the trial of the case the court found the issues in favor of the plaintiff and against the defendant, and found that the property rights between the parties had been settled in a former decree of the district court wherein the court refused both parties a divorce, but made a division of their property, and that said judgment was res adjudicata. The court granted the plaintiff a divorce and custody of the minor child.

From said judgment the defendant has appealed, and for reversal contends that the court erred in holding the judgment rendered the 3rd day of February, 1916, wherein the court refused both plaintiff and defendant a divorce but made division of their property, was res adjudicata as to their property rights.

The question was presented to the trial court in the following manner: The plaintiff below made an opening statement to the court, and defendant below made an opening statement, and the trial court stated he would take judicial knowledge of the previous order denying the divorce, and of the disposition of the property rights in that judgment, and the decree as to the property would be res adjudicata, and the grounds for divorce would have to be founded on facts subsequent to rendering the former judgment. During the trial of the case the court again stated that he would hold that the division of the property made in the former decree could not be again litigated, and that question was adjudicated. Counsel for Mrs. Cooksey advised the court he thought the former division of the property was unfair, although the order requiring the plaintiff to support the child might even up the matter, but that he would like to go into the question of the support and education of the child, should the court award the child to the plaintiff. At the close of the case, attorney for Mrs. Cooksey stated as follows:

"Defendant offers to make proof that the property was acquired by the joint efforts of the plaintiff and defendant, and that the settlement by the court was manifestly unfair, and there is no plea of res adjudicata, and asks that the court go into the settlement of the property and hear evidence."

The court stated that he was not advised of the method of acquiring the property, or what evidence the court in the former

case acted upon, but from the fact that no appeal was taken from that order the court would be without power to reverse the case. This record discloses the court advised counsel that he would hold the former judgment was res adjudicata, and then at the close of the case counsel offered to prove that the settlement of the property rights entered into the former case was unfair. This is the entire record, so far as this question is concerned. We do not think this offer presents any question for this court to review. This court in a long line of decisions has stated as follows:

"Where a party complains of the rejection of evidence, he must show in the record the substance of what the evidence would have been, so that the Supreme Court may determine whether material error was committed." Ardizonne v. Archer, 71 Oklahoma, 177 Pac. 554.

See Creek Coal Mining Co. v. Paprotta, 73 Oklahoma, 175 Pac. 235; Turner v. Moore, 34 Okla. 1, 127 Pac. 487; Nat. Drill & Mfg. Co. v. Davis, 29 Okla. 625, 120 Pac. 976; Offutt v. Wagoner, 30 Okla. 458, 120 Pac. 1018; Muskogee Electric Co. v. Staggs, 34 Okla. 161, 125 Pac. 481; Lamont Gas & Oil Co. v. Doop & Frater, 39 Okla. 427, 135 Pac. 392; Evans v. Smith, 50 Okla. 285, 150 Pac. 1096; Gault v. Thurmond, 39 Okla. 673, 136 Pac. 742.

The evidence in this case fails to disclose anything regarding the property rights, the value thereof, or what the former decree includes. There is an allegation in the answer that there was 160 acres of land involved, of the value of $8,000, less what was due the state, being land that was purchased from the state. There was a general denial entered in the case; so this cannot be accepted as true. The defendant made no offer to prove what the property consisted of, or its value or location. The attorney for defendant asked the court to hear evidence regarding the property rights, but does not aver what her evidence would disclose; that being true, this court is unable to say whether she was prejudiced by the ruling of the court, Section 4966, Rev. Laws 1910, provides:

"* * * Where a divorce is refused, the court may for good causes shown make such order as may be proper for the custody, maintenance, and education of the children, and for the control and equitable division and disposition of the property of the parties, or of either of them, as may be proper, equitable and just, having due regard to the time and manner of acquiring such property."

The trial court took judicial knowledge of this former decree, and, while the decree is not in the record and was not introduced in evidence, the plaintiff in error has copied the same in her brief. It is unnecessary for us to decide whether the court committed error in this regard, as no part of that case is in the record.

Section 4969, Rev. Laws 1910, provides:

"In case of a finding by the court that such divorce should be granted on account of the fault or aggression of the wife, the court may set apart to the husband and for the support of the children, issue of the marriage, such portion of the wife's separate estate as may be proper."

The court in the instant case granted the husband a decree of divorce upon the grounds of abandonment. The question then presented is, Can this court say that the defendant has been prejudiced by reason of not considering certain property rights, when the record fails to disclose what they are? We think not. It is unnecessary to consider whether the court committed error in holding that he would take judicial knowledge of the former decree, or whether in holding that the former decree was res adjudicata, for, if we admit that as a matter of law he erred in said holding, still there is no evidence nor any proffer of any evidence which would disclose that the plaintiff in error was entitled to any property; therefore, under section 6005, Rev. Laws 1910, the error, if any, is immaterial. See Johnson v. Johnson, 72 Oklahoma, 179 Pac. 595.

It is next contended that the finding of the court that defendant in error was entitled to a divorce on the ground of abandonment or desertion is not supported by the evidence. The plaintiff himself testified that the defendant abandoned him, on the 27th day of November, 1915; that he had not lived with the defendant since said time, and he gave the defendant no cause or provocation or excuse for such abandonment, and the abandonment had continued for more than one year. The plaintiff in error, being the defendant below, offered no evidence as to why she left the plaintiff. Nor did she deny on the witness stand she had abandoned him, but admitted she was not living with him; so we cannot say the finding is contrary to the weight of the evidence.

Regarding the custody, care, and possession of the minor child, it is unnecessary for this court to review that question, because the conditions regarding the care and custody of minor children change materially. It appears the conditions are not now what

they were at the time of granting the decree. The district court has power and authority to change and modify that part of the decree, upon motion of either party, whenever in his judgment the facts warrant.

For the reasons stated, the judgment is affirmed.

PITCHFORD, V. C. J., and JOHNSON, ELTING, and NICHOLSON, JJ., concur.