## HORTON v. FOLEY et al.

No. 12384—Opinion Filed Nov. 27, 1923.

### 1. Pleading — Motion for Judgment on the Pleadings—Nature.

A motion for judgment upon the pleadings is in the nature of a demurrer. It is in substance both a motion and a demurrer. It is a demurrer for the reason that it attacks the sufficiency of the pleadings; and it is a motion for the reason that it is an application for an order for judgment. Like a demurrer, it admits the truth of all wellpleaded facts in the pleadings of the opposing party.

### 2. Fraud—Misrepresentation of Law Generally not Actionable.

Plaintiff, vendee, alleged in his petition that after the execution of a contract with the vendor for the purchase of real estate, such vendor caused to be inserted in such contract a clause reserving the oil and gas mining rights in such real estate to the vendor; that vendor falsely stated, referring to such reservation in such contract, that it "made no difference at all." Defendant answered, among other things, denying the fraud. Plaintiff alleged that subsequently he accepted, under protest and subject to his legal rights, a deed from vendor for such real estate containing such reservation and otherwise fully performed such contract. Plaintiff prayed for judgment decreeing such reservation in such deed void, alleging only the fraud of vendor in making such statement. Held, that said statement, to wit, "made no difference at all," even if false and made as alleged, is a statement as to the law and not actionable.

### 3. Pleading — Judgment on Pleadings — Action for Fraud.

Record examined, and held. that under syllabus 1 above, it was not error for the court to sustain motion of defendant for judgment on the pleadings under syllabus 2 above.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Wagoner County; E. A. Summers, Judge.

Action by John Horton against C. E. Foley et al. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

C. E. Castle and E. J. Broaddus, for plaintiff in error.

C. H. Tully, for defendants in error.

Opinion by ESTES, C. Plaintiff in error, John Horton as plaintiff, sued C. E. Foley et al., defendants in error, as defendants, in the district court of Wagoner county. The material parts of his petition follow:

"That on the 23rd day of March, 1918, the plaintiff and defendant, C. E. Foley, entered into a written contract of sale of the said land, whereby the plaintiff agreed to purchase said land, and the defendant, C. E. Foley, to sell said land; that plaintiff paid to said C. E. Foley the sum of $600 as a part payment on the purchase price; that there were various terms and covenants in said agreement, and that plaintiff had fully performed and execut-

ed all obligations on his part to be carried out under said contract; that a true and correct copy of said contract, marked "Exhibit A," is hereto attached and made a part hereof.

"That in said contract, there appears the following reservation of oil, gas and mineral rights, to wit: 'Oil, gas and mineral rights to be reserved in said deed to grantor, C. E. Foley.'

"That said contract was drawn up, signed and the part consideration of $600 paid by plaintiff on said 23rd day of March, 1918, and that nothing was said by the parties thereto about any reservation to C. E. Foley of gas, oil, and mineral rights; and that after said contract had been agreed to, signed and said part consideration paid, the defendant, C. E. Foley took same and had written therein the said reservation, stating to plaintiff that he had left out something and what he had added to said contract pertained to oil and gas rights; that plaintiff told said C. E. Foley that he did not want any oil taken from his land and that he did not want to be bothered with oil workers on his place, and that he wanted to farm; that plaintiff had just come to Oklahoma from Arkansas and from a locality where oil and gas matters are not generally known and understood, and that plaintiff at said time was ignorant and uninformed as to such matters; that plaintiff is illiterate and cannot read or write; that defendant C. E. Foley is a man of large experience, both in general business affairs and in oil and gas matters; that plaintiff made his objections aforesaid and that the defendant, C. E. Foley, assured him that the additional words written in the contract made no difference at all; that plaintiff went onto the said land in Wagoner county and consulted a lawyer in said county about said contract with the additional words therein, and was informed of the rights of the said C. E. Foley under said contract and said reservation of oil, gas and mineral rights, and he then learned that the assurance of said C. E. Foley that the said reservation would make no difference was not the truth.

"That the plaintiff has fully complied with all the terms and conditions of said contract, and that the defendant has executed and delivered to plaintiff a warranty deed to said land, and plaintiff has made notes covering balance of purchase price and interest due, and has given a mortgage on said land to secure the payment thereof.

"That the said warranty deed contains the following reservation: 'But it is expressly understood and agreed that there is reserved and excepted from and not included in the above deals, conveyance or grant, all or any gas and oil or mineral that may be on, in or under said land with full right

and privilege to the grantor, his heirs and assigns to develop and operate the same, including the right of entry thereon for any purpose necessary or convenient for the exercise of this right by the grantor, his heirs and assigns';

"That the plaintiff demanded a warranty deed from said C. E. Foley without said reservation, but said Foley refused to make, execute and deliver to him such a deed; and that plaintiff took the said warranty deed containing said reservation objecting and excepting to said reservation and advising the said C. E. Foley that he would seek relief of the courts; that the said deed is filed of record in the office of the county clerk of Wagoner county, Oklahoma, in Record No. 145, on page 73, and is instrument numbered 19776 among said records; that a copy of said deed, marked 'Exhibt B' is hereto attached and made a part hereof.

"That said deed is signed and was executed by said C. E. Foley and the defendants, Rosa L. Foley, the wife of C. E. Foley, and Leo Whitlow and Ralph Whitlow; that said Rosa L. Foley, Leo Whitlow and Ralph Whitlow were claiming some right, title or interest in and to said land, and their signatures to and their execution of said deed were obtained by said C. E. Foley in order to convey title to plaintiff.

"Plaintiff states that said reservation was placed in said contract and said deed without the consent of this plaintiff; that the said C. E. Foley willfully and intentionally, with the purpose to defraud this plaintiff of his oil, gas and mineral rights in said land; inserted said reservation in said contract and the said reservation in said deed; that the assurance of said C. E. Foley that said reservation would make no difference was false and fraudulent, and was relied on by this plaintiff; that before the plaintiff learned the falseness and fraud of the said C. E. Foley, he had moved onto said land, and had made valuable improvements on same; and that said reservation in said deed wrongfully and fraudulently deprives plaintiff of his oil, gas and mineral rights in said land, to his material injury."

The plaintiff prayed that the said reservation in said deed of the oil and gas rights be decreed to be void, and that the title be quieted in plaintiff against all defendants. Defendant C. E. Foley filed answer on behalf of all defendants. Such answer consisted of general denial, and admitted that the said land was allotted to Whitlow; that the plaintiff was the owner of said land "under the conditions governing the sale and purchase thereof"; and that the contract and deed exhibited were true and correct. Thereupon, defendant Foley filed his motion for judgment on the pleadings, which motion was duly sustained by the court. Judgment was entered quieting the

title to the real estate in controversy in the plaintiff against all defendants, except as to the reservation as to oil, gas and mineral rights therein, which rights said judgment specifically reserved to defendant C. E. Foley and his codefendants. From said judgment, plaintiff, Horton, prosecutes this appeal. Plaintiff assigns as error the sustaining of motion for judgment on the pleading.

"A motion for judgment upon the pleadings is in the nature of a demurrer. It is in substance both a motion and a demurrer. It is a demurrer for the reason that it attacks the sufficiency of the pleadings; and it is a motion for the reason that it is an application for an order for judgment. Like a demurrer, it admits the truth of all well-pleaded facts in the pleadings of the opposing party." Deming Inv. Co. v. Reed et ux., 72 Oklahoma, 179 Pac. 35.

It is evident from said petition that plaintiff's cause of action essentially sounds in fraud based on an alleged false representation, to wit, the statement, "made no difference at all." This is the only alleged false statement. When scrutinized it will be observed that the other allegations in relation to such statement, essential to a cause of action for fraud, are but imperfectly pleaded. In White et al. v. Harrigan et al., 77 Okla. 123, 186 Pac. 224, it is held:

"Generally, speaking, a misrepresentation of law affords no ground of redress or relief on the theory that all men are supposed to know the law. It is not universally true, however, that a misrepresentation of the law is not binding upon the party who made it. Where one has superior means of information, professes a knowledge of the law and thereby obtains an unconscionable advantage of another who is ignorant and has not been in a situation to become informed, the injured party is entitled to relief as well as if the representation had been made concerning a matter of fact."

Plaintiff alleges that after the original contract had been agreed upon, signed, and said part consideration paid, the defendant C. E. Foley took same, had written therein the said reservation, stating to plaintiff that he had left out something, and what he had added to said contract pertained to oil and gas rights. The said reservation was "oil, gas and mineral rights to be reserved in said deed to grantor, C. E. Foley." At the time said reservation was inserted in said contract at the instance of said Foley, it is alleged that he stated, referring to such reservation, that it "made no difference at all." Said statement can only have reference to the legal effect of such reservation when inserted in said contract. If such statement means anything, it is that the legal rights of the parties were not changed by the insertion of such reservation. The allegation thereof is therefore not one of fact. It was a representation as to the law. It is not alleged that said Foley had superior means of information as to the legal effect of inserting said reservation in said contract, or that he was a lawyer or professed a knowledge of the law in such matter, and thereby obtained an unconscionable advantage. Nor is it alleged that plaintiff was put upon or overreached otherwise than by the mere statement of such legal conclusion. Granting all the allegations with reference to the inexperience and lack of information on the part of the plaintiff, the petition shows that the plaintiff took possession of said land and consulted a lawyer with reference to the very matter in controversy herein. He was advised, in effect, that Foley could hold such mineral rights. No statement of fact was made by Foley that plaintiff was not competent to pass upon. When met by Foley's legal conclusion that the insertion of such reservation in the contract "made no difference at all," plaintiff recognized his limitations and wisely consulted his attorney. Thus, it appears that plaintiff knew enough of the law to consult his attorney and thereby recognized the question as one of law and not one of fact. Perhaps he did this because Foley stated to him that he, Foley, had left something out of the contract, and what he had added pertained to oil and gas rights. Not only the said words, by their fair import, but the circumstances of the parties at the time such words were uttered as disclosed by said petition, all show that such alleged false statement was one of law rather than one of fact. The petition of the plaintiff is fatally lacking in facts to bring it within the rules laid down in White et al. v. Harrigan et al., supra. There is no issue of material fact in this case—no actionable fraud alleged.

It is contended by defendant that the plaintiff affirmed the original contract and waived the alleged fraud by executing notes and mortgage on said real estate, accepting and recording the deed and otherwise performing said contract after his discovery of the alleged fraud, and by his delay in bringing this suit. Plaintiff seeks to answer this contention by the allegation that he took the said warranty deed containing said reservation, objecting and excepting to said reservation and advising that he would seek relief of the courts. It is unnecessary to dispose of these contentions, because no actionable fraud is alleged.

The judgment of the district court herein should be and is affirmed.

By the Court: It is so ordered.