## WILLIAMS et al. v. WILSON.

No. 19384. Opinion Filed April 29, 1930.

Cheatham & Beaver, for plaintiffs in error.

Edwin & Erwin, for defendant in error.

DIFFENDAFFER, C. This is an action by defendant in error, hereinafter referred to as plaintiff, against plaintiffs in error, hereinafter referred to as defendants, to recover the sum of $1,500 alleged to have been obtained by defendants from plaintiff by means of fraud and deceit.

Plaintiff alleged, in substance, that he was 66 years old; had known defendant Williams for a number of years, and by reason of his long acquaintanceship had confidence in and trusted him; that defendants conspired together for the purpose of defrauding plaintiff; that defendant Williams represented to him that he, Williams, and Dickinson were the owners of a certain process, the nature of which was unknown to plaintiff, by which crude oil or petroleum not suitable for the market could be treated and rendered marketable; that they had an opportunity to buy and could buy some unmarketable oil for $6,000; that defendants had the sum of $4,500 which they would pay towards the purchase price thereof, and that if plaintiff would pay to them the sum of $1,500, they would convey to him a one-fourth interest in the entire quantity of oil, of not less than 30,000 barrels, which when treated by their process would be worth $1 per barrel; that the defendants were actually contributing the sum of $4,500 towards the purchase price, and that they asked plaintiff to contribute the sum of $1,500; that plaintiff informed defendant Williams, that he, plaintiff, was unfamiliar with the alleged process of treating oil and knew nothing whatever about it and would have to, and did, rely upon the statements of Williams; that he assured plaintiff that this was a bona fide transaction, and that defendants had treated other oil of a similar nature and made good money out of it, and that there was no question but that the process of treatment would be successful, and that plaintiff would be out the use of his money but a short time, not to exceed 60 days, and that he would be repaid within said time; that relying upon the statements and representations so made, plaintiff paid over to defendants said sum of $1,500; that the statements, representations, and promises so made were by defendants false and untrue, and known by defendants to be false and untrue when made; that, in truth, the oil which defendants represented to plaintiff they were buying for the sum of

$6,000 had been given to them, and no money whatever was paid therefor; that defendants knew that the alleged process by which they claimed they would treat said oil was a fake and could not be relied upon to render said oil merchantable; that such representations were so made in order to deceive plaintiff and induce him to pay the said sum of $1,500; that defendants never treated any of said oil so as to render it merchantable, and they had refused upon demand to return said money to him, for which he prayed judgment, together with interest and for $200 damages in trying to recover said money and $500 attorneys' fee.

Defendants answered by general denial, except that defendant Dickinson admits that at the solicitation of plaintiff, he sold him a one-fourth interest in the process and the oil mentioned for the sum of $1,500, and that it was a bona fide transaction, free from fraud or undue influence, and that defendant Williams had nothing to do with the transaction any more than he was the owner of one-fourth interest in the oil and process.

Plaintiff replied by general denial. The issues thus joined were tried to a jury resulting in a verdict and judgment in favor of plaintiff in the sum of $1,500. Defendants, after unsuccessful motion for new trial, appeal and assign as error:

(1) The verdict and judgment is not supported by the evidence and is contrary to law.

(2) The court erred in overruling defendants' motion for an instructed verdict, upon the petition and opening statement of counsel for plaintiff for the reason that neither alleged or stated facts, which, if proven, would entitle plaintiff to recover.

(3) That the court erred in denying defendants' demurrer at the close of plaintiff's testimony, and in refusing to direct a verdict for defendants, for the reason that the allegations of the petition and testimony were insufficient to prove a cause of action warranting recovery by plaintiff.

(4) That the court erred in refusing testimony offered by defendants showing that the contract and agreement was between the Bristow Fuel Oil Company and Henry Wilson, or between the Bristow Fuel Oil Company and Henry Wilson for himself and for L. D. Wilson.

The second assignment will be considered first.

At the close of the opening statement of counsel for plaintiff, the following record was made:

"Mr. Cheatham: We now demur to the petition and to the opening statement of counsel for the reason that neither nor both state a cause of action. The Court: Overruled. Mr. Cheatham: 'Exception.'"

It is somewhat unusual for a defendant to demur to a petition at this stage of the proceedings, without first withdrawing his answer. We know of no provision in the statute for a demurrer to the opening statement of counsel. Defendants in their brief do not point out authority for either. But treating the "demurrer" in its most favorable light, we do not think it would amount to more than a motion for judgment for defendants upon the pleadings and opening statement of counsel for plaintiff, since it has been held that a motion for judgment upon the pleadings is in the nature of a demurrer, being, in substance, both a motion and a demurrer, it being a demurrer for the reason that it attacks the sufficiency of the pleading, and a motion for the reason that it is an application for an order for judgment. Horton v. Foley, 94 Okla. 9, 220 Pac. 907; Johnson v. Furchtbar, 96 Okla. 114, 220 Pac. 612.

The demurrer here made falls somewhat short of this in that it does not ask for an order for judgment, but treating it as such, we think it was properly overruled. If it amounts to a motion for judgment upon the pleadings, it admits the truth of all well pleaded facts in the petition. This being true, and coming as it does after the issues are joined and a jury has been impaneled, it is not favored by the courts, and should only be sustained where no cause of action is stated, and where such pleading is not susceptible of amendment. Good v. First Nat. Bk., 88 Okla. 110, 211 Pac. 1051; Qualls v. M. & P. Nat. Bk., 88 Okla. 150, 212 Pac. 308; Hill v. Bucy, 95 Okla. 275, 219 Pac. 124.

The first and third assignments may be treated together for the reason that aside from the sufficiency of the petition, included in the third assignment and considered in connection with the second assignment, the only question raised is the sufficiency of the evidence.

Defendants contend that there is no evidence to sustain the verdict in that the evidence fails to show that a material representation was made.

We have carefully examined the record and find that plaintiff's evidence was, if anything, stronger than the allegations in his petition in some particulars. His petition is that defendants represented to him

that the oil which was to be bought and treated was to cost $6,000; that defendants had $4,500 which they would pay towards the purchase price, and that if plaintiff would pay to them the sum of $1,500, they would convey to him one-fourth interest in the entire quantity of oil. Plaintiff's testimony was that defendants represented that the oil was costing $6,000, and that they had already paid $4,500 on the purchase price, and that on the day plaintiff delivered his check Williams made the statement that it was the last day to finish the deal, and that Williams had admitted that the oil cost them nothing.

Defendants deny these representations, but one of the defendants admitted that he told plaintiff that the oil was costing $6,000, and that he was paying $1,500. Williams testified repeatedly that he told plaintiff that the oil was costing $6,000 and that each one-fourth interest in same was costing $1,500, and that he, Williams, was paying $1,500. When pressed upon cross-examination, he finally explained that a Mr. Beanblossom, who held some position with the Pierce Petroleum Company, "either bought or got the oil from the Pierce Petroleum." He admitted that nothing whatever had been paid by either himself or Dickinson for the oil, and that the $1,500 paid in by plaintiff was not used in payment for the oil, but was used in an attempt to treat and market the oil.

Dickinson testified that he had not paid $1,500 or any other sum for his interest in the oil, that Williams did not, so far as he knew, and that no one besides L. D. Wilson had put $1,500 into it.

The deal was simply that Beanblossom got the oil in some way, either by gift or purchase from the Pierce Petroleum Company; that he, Williams, and Dickinson did not have sufficient funds to finance the proposed treatment of the oil. In order to induce plaintiff to go into the deal, defendants, or at least defendant Williams, told plaintiff that the oil was costing $6,000; that each one-fourth interest therein was costing $1,500, and that if plaintiff would put in $1,500, they would all get their money back in a short time, and that each would thereafter share equally in the profits. They needed the $1,500 to pay operating expenses. Had the scheme worked out, it would have resulted in defendants each taking out $1,500 clear profit while plaintiff only was getting back his $1,500.

This, we think, clearly constitutes actionable fraud as defined in Porter v. Rott, 116 Okla. 3, 243 Pac. 160, in that if plaintiff's

evidence, together with the admissions of defendants, is believeable (and this is a question for the jury), it is made to appear: (1) That defendants made a material representation. (2) That it was false. (3) That it was known to be false when made. (4) That it was made with the intention that it should be acted upon by plaintiff. (5) That plaintiff acted in reliance upon it. (6) That he thereby suffered injury.

There is abundant evidence tending to support the verdict and judgment.

The fourth and last assignment is that the court erred in refusing testimony offered by defendants showing that the agreement was between the Bristow Fuel Oil Company and Henry Wilson, or between said company and Wilson for himself or for himself and L. D. Wilson.

This assignment is not well taken for two reasons: First, there was no issue of this kind raised by the pleading. Second, no showing whatever was made in the record of the substance of what the evidence would have been.

In Okla. Petroleum & Gas. Co. v. Winship, 83 Okla. 146, 200 Pac. 844, it was said:

"It is well established in this jurisdiction that when a party complains of the rejection of evidence, it is necessary for him to show in the record the substance of what the evidence would have been, in order that the court may determine whether material error had been committed."

In support thereof the following cases were cited: Hutchings v. Cobble, 30 Okla. 158, 120 Pac. 1013; Steward v. Commonwealth Nat. Bk., 29 Okla. 754, 119 Pac. 216; Turner v. Moore, 34 Okla. 1, 127 Pac. 487; Evans v. Smith, 50 Okla. 285, 150 Pac. 1096; Ardizonne v. Archer, 71 Okla. 289, 177 Pac. 554; Gross v. Lincoln, 81 Okla. 87, 196 Pac. 960.

Paragraph 2 of the syllabus there is:

"In order that this court may consider assignments of error relating to the exclusion of evidence, there must be a showing in the record as to what the excluded evidence would have been before the court can say that there was reversible error in the ruling."

In Cooksey v. Cooksey, 85 Okla. 246, 205 Pac. 938, it was held:

"When the trial court sustains an objection to the introduction of evidence, such ruling is not open to review in this court in the absence of a record showing the facts which the party expected to prove by the introduction of said evidence."

There being no showing as to what was

expected to be proved, the ruling of the trial court is not open to review in this court.

The judgment should be affirmed.

BENNETT, HERR, EAGLETON, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Appeal and Error," 4 C. J. §1662, p. 74, n. 14. "Fraud," 27 C. J. §201, p. 68, n. 25. "Pleading," 49 C. J. §951, p. 675, n. 79.